Joseph B. Danforth <i>v.</i> Gilbert A. Grant.

Although a postmaster, who receives a letter, containing money, which is lost through his want of ordinary care, is liable to a special action on the case, for such neglect, he is not liable to an action for money had and received, unless he put the money to his own use.

Assumpsit for money had and received. Plea, *non assumpsit.*

On the trial in the county court the plaintiff gave evidence tending to prove that the defendant was postmaster at Woodstock, and the plaintiff was postmaster at Barnard, no

postoffice intervening ; that, by direction of the plaintiff, the officers of Woodstock bank inclosed fifty-eight dollars of the bills of said bank in a letter, sealed and directed to the plaintiff, and delivered the same to the defendant in the post office at Woodstock, to put into and send by mail to the plaintiff at Barnard, but that said letter had never arrived at the post office, in Barnard, and never came to the plaintiff.

The defendant introduced evidence tending to show that said letter was never delivered to him. He also gave in evidence the laws and regulations of the post offices, and also showed that on the same day and hour the mail from Woodstock to Barnard is made up and sent off, five or six other mails are made up and sent from the Woodstock post office.

The plaintiff requested the court to charge the jury that if the jury find the letter containing the money was delivered to the defendant the plaintiff was entitled to recover, unless the defendant proved what became of it, or showed that it was sent by the mail to Barnard.

The court charged the jury that proving merely that the letter containing the money was delivered to the defendant, was not sufficient to entitle the plaintiff to recover. It must appear that the money actually came to defendant's use or was by him retained for his own use. If the jury were convinced that the letter was received by the defendant and was by him neglected to be mailed, but was kept and retained by him, then the plaintiff was entitled to recover. But if the jury find the letter, containing the money, was not delivered to the defendant, or if it was delivered to him and was by him mailed to Barnard, or was by mistake directed to a different place, or put into a wrong mail, and so lost, then the plaintiff was not entitled to recover.

The jury returned a verdict for the defendant, and the plaintiff excepted to the charge of the court.

*Tracy & Converse,* for plaintiff.

If the plaintiff has any right of action against defendant, this is the proper form of action.

When money is delivered to a person for any particular object, it is reasonable that that person should, in some way, account for it.

If the money had been thus delivered to a private person,

that person would have been obliged to account for it, and that, too, although he was to receive no compensation for his care of it. And will a public officer be holden to a less rigid account, when he is under oath faithfully to perform such service and is liberally paid for it? See post office regulations, p. 38 and 39. It would be no unreasonable requirement to ask at the hands of the defendant to account for the package of money. If he did his duty in the matter, his records would furnish proofs which would have been, at least, sufficient *prima facie* evidence of his having transmitted it by mail.

The charge of the county court required of the plaintiff to prove that defendant actually broke open the letter and took the money and put it ' *to his own use,*' and that by the testimony of witnesses who saw it done, or what was tantamount to it; but would not allow the jury to consider the fact of defendant's having received the package containing the money, and never accounting for it or attempting to account for it, as any evidence from which such a conclusion could be drawn. The plaintiff must prove that defendant ' *retained*' the money and that it came to his ' *use.*' If then the defendant had given it away or burnt it up, he would not be liable. Simply *retaining* it is not enough; it must come to defendant ' *use.*' Neglecting to mail it, would not make him liable, unless ' he *kept and retained it,*' and this affirmatively and directly proved by the plaintiff.

If, then, he neglected to mail it, and through accident or design it was thrown with rubbish and lost, he was not liable. We contend, that if defendant put the money into the wrong mail, and it was lost, he is responsible for it. It was a breach of duty for which he should be responsible; and though it be by mistake, he should not be excused, as others should not suffer for his mistakes.

Where goods are delivered to a wrong person through mistake trover likes. 1 Sw. Dig. 536–7.

No other rule than that contended for by plaintiff, as appears to us, would insure a faithful performance of official duty, and nothing short of that would secure the rights of the public. 2 B. & A. 702. Com. Dig. vol. 7, title, trover.

*A. Aikens* and *Edwin Hutchinson,* for defendant.

1. The plaintiff was not entitled, by law, to the charge requested. It is an assumpsion, that a post master is, by law, a *warantor, prima facie,* that every letter, entered in his office, shall arrive at the place of its ultimate destination, *unless* he can trace its non-arrival, or non-delivery *there,* to the fault of some other person. It *assumes* that every post master, in whose office a letter is deposited to be sent by mail, in case of its non-delivery at the place of destination, is guilty of a *crime* (the stealing of the letter or package,) and leaves him to the ' mercy of accident' to *prove his innocence* if he can. This is contrary to the first principles of natural justice and of law, which are, that every man shall be holden *innocent* till he is *proved* guilty, and that a public officer is presumed to have done his duty, till the contrary is made to appear.

And the *form* of the action makes no difference, for the *assumpsit,* in such case, can be founded upon *nothing other* than an *implication* that the postmaster has criminally *purloined* the money sought to be recovered, from the letter in which it was inclosed ; the plaintiff assuming, *as fact,* that the crime has been committed, and *waiving the tort.*

Precedents and authorities are unnecessary to demolish an assumption so impracticable and absurd.

2. The charge of the judge to the jury gives the true rule of law.

From the *tendency* of the various proofs on the trial, the jury might well have found that the letter was delivered, or that it was *never* delivered, to the defendant, or at his office ; or, if *delivered,* that it was retained by him, or, that it was mailed to Barnard and *there* lost, or that it was accidentally misdirected or deposited in a wrong mail, and *so lost ;*—and *so* the money never coming to his hands—according to the preponderance of the proofs.

1. They did *not find* that the letter was received and *retained* by the defendant, for, if they had so found, their verdict, *under the charge,* would have been for the plaintiff.

2. They *must have found,* therefore, that the letter was *never* delivered to the defendant or at his office—or, that it was mailed to Barnard and *there* lost—or, that it was missent to some other office, or by a wrong mail, and *so* lost—

in either of which possible events, *the money never came to the hands or use of the defendant.*

And the plaintiff was not entitled, to recover, therefore, in this form of action, upon any possible finding of the jury, upon the preponderance of the proof submitted to them.

The charge of the judge, was, therefore, in strict accordance with the well settled principles of the law. Chitty on Con. 476, *et seq.* 5 Greenl. R. 319.

3. If the jury could have believed, from the facts found, that the letter was misdirected, or missent through the culpable negligence, or carelessness, of the defendant—the charge, *in this action*, could *not* legally have been *other* than what it was.

If such *were* the facts, the plaintiff's remedy was by action on the case to recover his consequential damages—in which the issue would have been, not upon a *promise* of the defendant to pay money; but upon his *guilt* or innocence of a charge of *neglect* of official duty resulting in an injury to the plaintiff.

When the plaintiff shall have brought such a case to the consideration of the court by his plea and sustained it by his proofs, he may ask for a charge applicable to it, but not till then; for, the charge, to be legal, must be one which will enable and require of the jury to return a verdict not only *secundum probata*, but, *secundum allegata* also. *Vide Ainslie* v. *Wilson,* 7 Cowen's R. 662.

The opinion of the court was delivered by

REDFIELD, J.—Although it be true that the defendant, as postmaster at Woodstock, is liable, like other bailees for hire, for any loss, happening through his want of reasonable care and diligence, or in other words, for ordinary neglect, no recovery for any neglect, however gross, can be had in this form of action. He is here sued for money had and received. He must therefore have appropriated the money in some way, as men use their own money. It is not enough, in this form of action, that he put the letter carelessly into the wrong mail, or left it exposed in his office, where some one purloined it, without his acquiesence. For if the letter were, through his neglect, lost or destroyed, or in any other

WINDSOR.
*February,*
1842.

way, failed of reaching its proper destination, defendant would only be liable to a special action on the case for such neglect.

We think, therefore, that the charge of the court below, to the jury, was correct. The jury were told, ' that proving, merely, that the letter containing the money was delivered ' to the defendant, was not sufficient to entitle the plaintiff ' to recover. It must appear that the money actually came ' to his use.' This charge is further explained, but not substantially varied. It is not to be inferred, from the charge, that the money coming to defendants use, necessarily implies, *some beneficial use,* but only that it was put to his use, as if it were his own. If he gave it away, or destroyed it, or broke open the letter and put the money into his pocket book, he would be liable, equally as if he paid it out for necessaries, or in payment of a just debt, but not merely from having missent the letter, or carelessly failed to send it at all. The charge was explicit, and liable to no misconstruction.

Judgment affirmed.