[Civil No. 830.  Filed March 26, 1904.]

[76 Pac. 596.]

## UNITED STATES OF AMERICA, Plaintiff and Appellant, v. ALBERT J. GRISWOLD, Defendant and Appellee.

1. POSTMASTERS — BOND — LIABILITY—LOSS OF REGISTERED PACKAGE—REV. STATS. U. S., SEC. 3834 (U. S. COMP. STATS. 1901, P. 2610), AND SEC. 3926 (U. S. COMP. STATS. 1901, P. 2685), CONSTRUED.—Under section 3834, *supra*, providing that a postmaster shall give bond for the faithful discharge of all duties imposed either by law or the rules of the department, and section 3926, *supra*, authorizing the postmaster-general to establish a uniform system of registration, conditioned that the post-office department, or its revenue, shall not be liable for the loss of any mail matter on account of its having been registered, the sureties on a postmaster's bond, conditioned as required by section 3834, *supra*, are liable for the loss of a registered letter occasioned by the negligence of the postmaster.

2. BONDS—OFFICIAL—HOW CONSTRUED.—All bonds given by government officials are to be construed as though executed and to be performed at Washington, and hence are to be construed according to the rules of the common law, except where these rules have been changed or modified by statutes.

3. POSTMASTER—BOND—ACTION ON—PARTY PLAINTIFF.—Suit cannot be brought by the owner of a registered package in his own name on a postmaster's bond to recover for negligent loss of the package.

4. SAME—SAME—LOSS OF REGISTERED PACKAGE—EXTENT OF LIABILITY—REV. STATS. U. S., SEC. 3834 (U. S. COMP. STATS. 1901, P. 2610), AND SEC. 3926 (U. S. COMP. STATS. 1901, P. 2685), CONSTRUED.—Under section 3834, *supra*, requiring a postmaster to give bond conditioned for the faithful discharge of all duties, and section 3926, *supra*, in regard to registration of mail matter, providing that the sender shall be entitled to be indemnified to the extent of ten dollars, the United States may recover on a postmaster's bond the full value of a registered package, though exceeding ten dollars, the recovery being for the benefit of the sender.

5. BOND—OFFICIAL—PLEADING—PARTIES.—Where suit is brought by the United States on a postmaster's bond to recover the value of registered mail matter lost through his negligence, it is unnecessary for the pleadings to state that the suit is for the use of the sender of such registered matter, it being sufficient if it appears that the United States is suing to recover the loss suffered by the sender.

APPEAL from a judgment of the District Court of the First Judicial District in and for the County of Pima. George R. Davis, Judge. Reversed.

The facts are stated in the opinion.

Frederick S. Nave, United States Attorney, and John H. Campbell, Assistant United States Attorney, for Appellant.

Eb. Williams, and Bumler, McNeill & Richardson, for Appellees.

The government is neither an executor nor administrator, nor is it authorized to bring this suit by statute. Rev. Stats. Ariz., art. 1299, sec. 90, p. 431.

The government is not a person with whom nor in whose name a contract for the benefit of another is made, nor assignee of any chose in action. Rev. Stats. Ariz., art. 1300, sec. 91, p. 431.

The complaint does not state facts sufficient to constitute a cause of action in this, that it appears that the money alleged to have been stolen nor any thereof was the property of the plaintiff, and that the plaintiff is not in law liable therefor nor any part thereof. U. S. Rev. Stats., 3926; Postal Guide, A. D. 1902, p. 901.

Neither the government, the post-office department, nor its revenues is liable for the loss of registered mail. U. S. Rev. Stats. 3926.

The defendants are liable to P. Sandoval & Co., and not to the plaintiff, for the loss of this money. *Teall* v. *Felton,* 1 N. Y. 537, 49 Am. Dec. 352; *Stephenson* v. *Monmouth Min. etc. Co.,* 84 Fed. 116, 22 C. C. A. 292.

The plaintiff cannot sue on the postmaster's bond for the use of P. Sandoval & Co.; 2 Beach on Modern Law of Contracts, 1712.

Money stolen from office not a breach of bond for faithful performance of duty. *Supervisors of Albany Co.* v. *Dorr,* 25 Wend. 440; *Rose* v. *Hatch,* 5 Iowa, 149; *United States* v. *Jones,* 36 Fed. 759.

Postmaster's bond is for a penalty, and not for liquidated damages; plaintiff can, therefore, recover such damages as it has suffered. U. S. Rev. Stats., 3834; 4 Am. & Eng. Ency.

of Law, p. 700; *Pierce* v. *Fuller*, 8 Mass. 223, 5 Am. Dec. 102; *Bignall* v. *Gould*, 119 U. S. 495, 30 L. Ed. 491, 7 Sup. Ct. 294.

It appears affirmatively from said complaint that, as to plaintiff, the alleged breach was not the cause of any damage to plaintiff, and therefore that said alleged breach of said bond or undertaking set out in plaintiff's complaint is, as to plaintiff, *damnum absque injuria,* and does not support an action for damages. Hale on Damages, pp. 11, 21; 14 Q. B. Div., pp. 141-150; *Christner* v. *Cumberland etc. Coal Co.,* 146 Pa. St. 67, 23 Atl. 221; 8 Am. & Eng. Ency. of Law, p. 550; 21 Am. & Eng. Ency. of Law, p. 498.

The defendants are answerable for the consequences of negligence, and not for its abstract existence. (Authorities cited first above.)

It is axiomatic that no negligence will be actionable unless it results in injury or damage.

The cases of the *United States* v. *Prescott, United States* v. *Thomas,* and *United States* v. *Jones,* relied upon by appellant, are cases for the loss of public moneys under bonds conditioned to account for and pay over.

We therefore respectfully call the attention of the court that the money in this case is not public money, but the private money of P. Sandoval & Co.

"The government must recover, if at all, upon the theory of a breach of contract. Without alleging any damage as the result of said breach, can it do this?"

SLOAN, J.—The United States brought suit in the court below against Albert J. Griswold, postmaster at Nogales, Arizona, and L. W. Mix, Edward Titcomb, Theo. Gebler, and Fred. Herrera, sureties upon the official bond of said Griswold as postmaster aforesaid, to recover the sum of $1,863, alleged to have been lost from the mails after the same had been registered and deposited in the post-office at Nogales by P. Sandoval & Co. It was alleged in the complaint that the registered package containing this money was stolen from the post-office by reason of the negligence of the postmaster. The defendants in the action demurred to the complaint upon the ground that the facts therein stated did not constitute a cause of action in favor of plaintiff and against the defend-

ants. The demurrer was sustained by the trial court, and from this order and ruling of the court the United States has appealed.

The first question presented is: Does the loss of the registered package, occasioned by the negligence of the postmaster, amount to a breach of the bond given by such postmaster, under section 3834, United States Revised Statutes [U. S. Comp. Stats. 1901, p. 2610]? This section provides that "every postmaster, before entering upon the duties of his office, shall give bond, with good and approved security, and in such penalty as the postmaster-general shall deem sufficient, conditioned for the faithful discharge of all duties and trusts imposed on him either by law or the rules and regulations of the department." The bond in this instance, given by Griswold, contained the condition required by said section, being in all respects as required by law and the rules and regulations of the post-office department having the effect of law. Section 3926, United States Revised Statutes [U. S. Comp. Stats. 1901, p. 2685], authorizes the postmaster-general to establish a uniform system of registration conditioned that the post-office department, or its revenue, should not be liable for the loss of any mail matter on account of its having been registered. It is a part of the duty of the postmaster to safely keep and to transmit the mails, including registered packages, which may be given into his hands as such postmaster. His oath of office requires him to faithfully perform the duties of his office. It is a general proposition that a public officer, having ministerial duties to perform, is liable for any injury occasioned by him in consequence of his failure to perform his official duty. *Raynsford* v. *Phelps,* 43 Mich. 344, 5 N. W. 403, 38 Am. Rep. 189. Thus it has been held that a postmaster is liable in damage for conversion of mail matter at the suit of the person injured. *Teal* v. *Felton,* 12 How. 284, 13 L. Ed. 990. It has also been held that a postmaster is liable for the loss of a letter containing money, occasioned by his negligence, at the suit of the sender. *Danforth* v. *Grant,* 14 Vt. 283, 39 Am. Dec. 224. If a postmaster can be held responsible in damages for loss of mail matter occasioned by his negligence, it must be for the reason that he has been derelict in his duty as such officer. Such a failure, under the condition of his official bond that he will

"faithfully discharge the duties of his office," amounts to a breach of the bond; and in such a case the liability of the principal is the measure of the liability of the surety. All bonds given by government officials are to be construed as though executed and to be performed at Washington, and hence are to be construed according to the rules of the common law, except where these rules have been changed or modified by statute. *Cox* v. *United States,* 31 U. S. 172, 8 L. Ed. 359. At common law suit upon an official bond must be brought and a recovery had in the name of the obligee. There is no congressional statute modifying the common-law rule limiting the liability of sureties to suits brought by or in the name of the United States, as there is in the case of bonds given by United States marshals. In the latter case there is statutory authority authorizing any person to bring, in his own name and for his sole use, suit on the marshal's bond for a breach of its conditions. Section 784, United States Revised Statutes [U. S. Comp. Stats. 1901, p. 607]. It follows, therefore, that P. Sandoval & Co. could not maintain a suit on the postmaster's bond in their own name to recover for the loss of the registered package.

Can the United States maintain such a suit? It has been held that a bailee may sue and recover in his own name damages caused to the subject of the bailment through the negligence of a third person. In such case the measure of damages is not limited to the bailee's special interest in the property, but he may recover for all damages, holding the amount so recovered in excess of his own interest in trust for his bailor. *Woodman* v. *Nottingham,* 49 N. H. 387, 6 Am. Rep. 526; *McGill* v. *Monette,* 37 Ala. 49; *Rindge* v. *Coleraine,* 11 Gray, 159. The United States, in this instance, was the bailee and intrusted with the safe-keeping of the registered package deposited by P. Sandoval & Co. Under section 3926, United States Revised Statutes [U. S. Comp. Stats. 1901, p. 2685], the sender of first-class registered matter is entitled to be indemnified out of the postal revenues for loss in the mails to the extent of ten dollars for any one registered package, or the actual value thereof when that is less than ten dollars. The government, in accepting a registered package, becomes not only the bailee of the sender, but assumes a liability to its bailor by reason of the bailment. Even should

we therefore construe the liability of the sureties in its strictest sense, the government, as a bailee, would have a right to recover to the extent of its special interest, which would be measured by the extent of its liability to the sender of the package. If the government, therefore, has a right to sue to recover the loss it sustains as bailee, under .the general doctrine above stated, its recovery cannot be confined to such special interest, but may cover the entire loss sustained both by it and its bailor. Not only so, but we think it is the duty of the United States to protect the public against its own officers, even to the extent of enforcing every legal right which it possesses, whether criminal or civil. To hold that the United States may not maintain an action upon the bond of the postmaster for the recovery of the entire loss sustained by the negligence of the postmaster because it was not obligated to return or make good to P. Sandoval & Co. an amount exceeding ten dollars, would be to deny to the latter any redress unless the postmaster be personally responsible to the extent of such loss. We are convinced that in a case like the one at bar the United States may sue for the benefit of the injured party and recover from the sureties upon the official bond of the postmaster the full amount of such loss, and that it is the clear duty of the government to bring such action. At common law such suits were usually brought "for the use of" or "at the relation of" the injured person. It is not essential, however, that there be any formal declaration of such use; its only purpose being to protect the interest of the beneficiary against the nominal plaintiff. *Tedrick* v. *Wells,* 152 Ill. 217, 38 N. E. 625; *Clay Fire and Marine Ins. Co.* v. *Huron Salt & Lumber Mfg. Co.,* 31 Mich. 346. In the complaint the facts sufficiently show that the United States is suing for the amount of the loss suffered by P. Sandoval & Co. and for their benefit, and it will not be assumed that the government will appropriate the amount recovered to its own use, but it will be assumed that it will perform its duty by paying to P. Sandoval & Co. the amount so recovered.

We hold that the complaint stated a cause of action, and the judgment will therefore be reversed and the cause remanded for further proceedings.

Kent, C. J., and Doan, J., concur.