[Civil No. 882.   Filed March 30, 1905.]

[80 Pac. 317.]

UNITED STATES OF AMERICA, Plaintiff and Appellant, v. ALBERT J. GRISWOLD et al., Defendants and Appellees.

1. POSTMASTER—BOND—REGISTERED PACKAGE—THEFT OF—LIABILITY FOR —NEGLIGENCE—IMMATERIAL.—Where the bond of a postmaster is conditioned that he will "faithfully discharge all the duties and trusts imposed upon him, either by the law or the rules and regulations of the post-office department of the United States," and section 1051 of Postal Laws and Regulations provides for the separate keeping and handling of registered matter, and makes the

postmaster "accountable for all registered matter coming into his office," there is an absolute liability placed upon the postmaster and his bondsmen, and where a registered package delivered to said postmaster is stolen, without negligence on his part, he is liable for the value thereof.

APPEAL from a judgment of the District Court of the First Judicial District. George R. Davis, Judge. Reversed.

Statement of facts:—

The United States brought this action on the official bond of Albert J. Griswold as postmaster, to recover for the value of a registered package containing money intrusted to Griswold as postmaster, and thereafter stolen from him. The case was submitted to the jury by the court under instructions which left it to the jury to determine the question whether the loss by reason of the theft was occasioned by the postmaster's negligence in respect to the custody of the package. From a verdict in favor of the defendant the United States has appealed.

Frederick S. Nave, United States Attorney, and John H. Campbell, Assistant United States Attorney, for Appellant.

Richardson & Lockwood, for Appellees.

KENT, C. J.—The question presented, determinative of this appeal, is whether a postmaster is liable under his bond for the loss of a registered package intrusted to him, irrespective of whether such loss was occasioned by his negligence. It appears from the evidence that a package containing money was duly registered in the ordinary way and delivered to the postmaster. The package was thereafter stolen under circumstances which the jury found, by their verdict, freed the postmaster from negligence. The United States claims on this appeal that the trial court erred in submitting to the jury the question whether or not the postmaster had exercised reasonable care in the custody of the package; the contention here being that, as a matter of law, the postmaster, whether negligent or not, is liable under his bond for the loss, and that the jury should have been instructed to return a verdict for the United States. It is conceded by the appellee, in the brief of counsel, that if such liability exists, as a matter

of law, there was "no discretion left to the jury, and that the court should have instructed a verdict for the United States." In the case of *Smythe* v. *United States,* 188 U. S. 156, 23 Sup. Ct. 279, 47 L. Ed. 425, the supreme court of the United States, in an action upon his official bond, has held that a superintendent of a mint was liable for the loss of public moneys in his hands, under the condition of his bond that he would "faithfully and diligently perform, execute and discharge all and singular the duties of said office, according to the laws of the United States," and "receive and safely keep until legally withdrawn, all moneys or bullion which shall be for the use or expense of the mint"; holding to the general rule, as announced by that court in previous decisions, that the obligations of a public officer who receives public moneys under a bond so conditioned are not to be determined by the principles of the law of bailment, but by the special contract evidenced by the bond, so conditioned, and that, though public policy might not require an accounting for moneys which had been destroyed by an overruling necessity or taken from him by a public enemy, yet it was no defense in an action on such bond that the money had been destroyed by fire occurring without his fault or negligence. It is claimed by the appellee that this doctrine, as so announced, extends only to public moneys in the custody of public officials, and is founded upon public policy in regard thereto, and that it should not be held to embrace moneys belonging to a private individual, intrusted to such official; and we are cited to the case of *People* v. *Faulkner,* 107 N. Y. 477, 14 N. E. 415, where the court of appeals of New York held that a surrogate, under a bond conditioned that he should "faithfully apply and perform all moneys or effects that may come into his hands as such surrogate in the execution of his office, without fraud, deceit or delay," was not liable for the loss of such funds by the failure of a bank where he had deposited them; but whatever the rule may be in New York, and whether or not that case may properly be distinguished from this, we feel that the rule established by the supreme court of the United States in the Smythe case is determinative of the question before us. In the present case the bond is conditioned that the postmaster will "faithfully discharge all the duties and trusts imposed upon him, either by the law or the rules and

regulations of the post-office department of the United States.'' These rules and regulations place upon the postmaster the following duty and trust with respect to registered matter: ''All registered matter must be kept separate from ordinary mail matter, and so as to be secure from accident or theft. . . . The postmaster will be held accountable for all registered matter coming into his office.'' Postal Laws and Regulations, sec. 1051. While the rule in certain instances may work a hardship upon such officials, we can see no distinction in principle between the liability of a postmaster for the loss by theft of a registered package under a bond so conditioned and the liability of a public official under the condition of a bond requiring him to safely keep public moneys; and, if the interpretation of the duty and liability of such official with respect to public moneys in his custody be founded on public policy, it is also important, as a matter of public policy, that postmasters be held to the same accountability with respect to private moneys intrusted to them because of their official position, and over which the owners have parted with all control and can exercise no supervision, and that packages intrusted to them under the registry system be thus insured, as designed by the post-office regulations, the receipt of their especial care and watchfulness.

We think the court below should have directed a verdict for the United States for the amount claimed. The judgment of the district court is therefore reversed, and judgment will be entered in this court in favor of the United States and against the appellees for the sum of $1,963, with interest at the rate of six per cent per annum from March 21, 1900, together with costs.

SLOAN, J., and DOAN, J., concur.