## UNITED STATES v. AMERICAN SURETY CO.

### (Circuit Court, N. D. Illinois, E. D.	September 13, 1907.)

### No. 28,418.

POST OFFICE—LETTER CARRIERS—LIABILITY ON BOND.

A mail carrier and the surety on his bond, which is conditioned that the principal shall account for and pay over all property and money coming into his possession by virtue of his position, are liable to the United States for the full amount of money stolen by the carrier from a registered letter, notwithstanding the fact that by the postal regulations the United States limits its own liability for the loss ,of money contained in any single registered letter to $25.

On Demurrer to Plea.

Edwin W. Sims, U. S. Atty., and Seward S. Shirer, Asst. U. S. Atty.

Wm. E. O'Neill, lor defendant.

SANBORN, District Judge.* This is an action brought by the plaintiff against the defendant as surety on the bond of one Charles W. Wells, a mail carrier employed in the post office in the city of Chicago. The bond is dated the 28th day of August, A. D. 1899, the condition of which is as follows:

"Now, if each of said persons for himself as principal shall faithfully perform all the duties and trusts imposed upon him as such letter carrier, either by the postal láws of the United States or the rules and regulations of the Post Office Department of the United States, and shall faithfully account for and pay over to the postmaster at Chicago, Illinois, all moneys which shall come into his hands as such letter carrier, and shall, upon the termination of his office, return to the proper officer all property of every kind and description which shall be in his possession as such letter carrier, then the above obligation shall be void as to each of such persons and to no other; otherwise, of force."

The breach of the bond as set forth in the declaration is as follows:

"That heretofore, to wit, on the 12th day of October, in the year of our Lord 1903, the said Charles W. Wells, at Chicago aforesaid, did steal a large sum of money, to wit, forty dollars, from out of a certain letter which had been intrusted to him, in such capacity as aforesaid, for delivery to Henry L. Hertz, collector of internal revenue at Chicago, Illinois, which said letter was a registered letter and then and there bore the following direction and address, to wit: Henry L. Hertz, Esquire, Collector Internal Revenue, ,Chicago, Illinois —and which said letter was stolen as aforesaid before it had been ,delivered to the person to whom it was directed, all in the violation of the postal laws of the United States, to wit, in violation of section 5467, Revised Statutes of the United States."

Upon the date on which the bond in this case was executed the United States, by virtue of the laws governing the, Post Office Department and the regulations of said department, pursuant thereto, did, on or about the 27th day of February, A. D. 1897, by section 889 of the postal regulations of the United States, limit its liability for the loss of any one piece of first-class registered matter to the sum of $10. Later, on or about the 26th day of May, A. D. 1902, while said bond remained in full force and effect, the Post Master General's Depart-

* Specially assigned.

ment promulgated an order under which the government of the United States increased its liability for the loss of any one piece of first-class registered matter, to the sum of $25, providing, however, that the limit of the liability was never to extend beyond the actual loss; that is to say, when the government's liability was $10, all losses less than that were to be paid in full, and under the recent assumption of liability to the extent of $25 losses incurred by the loss of any one piece of first-class matter to be paid in full if the loss is less than $25. This action is brought for the sum of $40, being the amount stolen by the principal on the bond, Charles W. Wells.

The defendant has filed its plea in this cause, admitting its liability to the extent that the government has been damnified, to wit, the sum of $25, but denying its liability for any amount in excess of that sum. To this plea the United States has filed a general demurrer. The only question, therefore, presented to this court, is whether or not the liability of the surety on the bond is limited to the amount to which the assured has been damnified. The position of the defendant is that its obligation to the plaintiff is to indemnify it to the extent of its loss, but not beyond that sum.

There is no question in this case as to the defendant's shifting liability on its bond occasioned by changes in the regulations of the Post Office Department, so long as the government assumption of liability is within the amount fixed in the bond. The only question is whether the ordinary rule by which a bailee may recover from a wrongdoer, who has injured, destroyed, or converted the property bailed, to the full value of the property, applies to this case.

The reason why the bailee is entitled to recover full damages against one who converts the property is that he is bound to restore the property to the general owner or stand responsible to him for the full value. 4 Suth. Dam. § 1097, citing Harker v. Dement, 9 Gill, 7, 52 Am. Dec. 670; Warren v Kelley, 80 Me. 512, 532, 15 Atl. 49; Densmore v. Mathews, 58 Mich. 616, 26 N. W. 146; Hamilton v. Lau, 24 Neb. 59, 37 N. W. 688. I have examined these cases and find that they sup-. port the text. In this case I am inclined to think that, although the regulations limit the liability of the government to $25, yet, if the government recovers the full value of the package stolen, it will be liable for the balance if the Court of Claims has jurisdiction to allow a claim for such balance. The jurisdiction of the Court of Claims extends to all claims upon any contract, expressed or implied, with the government of the United States. Rev. St. § 1059 [U. S. Comp. St. 1901, p. 734]. In Emmons v. U. S. (C. C.) 42 Fed. 26, it is held that the United States is bound to refund to an entryman the price paid by him for public lands subsequently canceled as void. See, also, other instances of implied contracts. Solomon v. United States, 19 Wall. (U. S.) 17, 22 L. Ed. 46; United States v. Great Falls Mfg. Co., 112 U. S. 645, 5 Sup. Ct. 306, 28 L. Ed. 846; Merrain v. United States, 29 Ct. Cl. 250.

It seems to admit of no question that, if the government collects money from one person which is equitably due to another, an implied contract arises to restore or repay the money to the person so entitled. In an action on the bond by the government against Wells, the prin-

cipal, it seems clear that the measure of damages would be the amount stolen, or $40. The bond provides that it shall be of force unless Wells shall pay over all moneys intrusted to him as mail carrier. He having defaulted, the measure of damages, both against him and his surety, is $40, with interest, notwithstanding the liability of the government to the owner of the money is only $25. The conclusion here reached is supported by National Surety Company v. United States, 129 Fed. 70, 63 C. C. A. 512, and United States v. Griswold, 76 Pac. 596, 80 Pac. 317, in the Supreme Court of the territory of Arizona.

Judgment is therefore ordered in favor of the plaintiff for $40, with costs.