UNITED STATES FIDELITY & GUARANTY CO. v. UNITED STATES.

(Circuit Court of Appeals, Ninth Circuit. December 3, 1917.)

No. 2929.

1. POST OFFICE ⊂⊃9—RELATION—RIGHT OF UNITED STATES.

The United States is a bailee for hire of registered packages and their contents, and can maintain an action against one who steals such mail, recovering the value of the property taken.

2. POST OFFICE ⊂⊃9—THEFT OF MAIL—ACTIONS.

Defendant executed a bond conditioned that a postal employé would faithfully account for, deliver, and pay over to the proper official or person all moneys, mail matter, and other property of every kind which should come into his hands as an employé. The employé stole $15,000 contained in a registered package. Before the package was mailed, the sending bank insured it against loss with an insurance company, and after the theft the insurance company paid the loss to the bank, and as subrogee of the bank recovered from the United States $50, the liability of the United States for a registered package stolen. Rev. St. § 4058 (Comp. St. 1916, § 7607), declares that, whenever the Postmaster General is satisfied that money or property stolen from the mails, or the proceeds thereof, has been received at the department, he may, upon satisfactory evidence as to the owner, deliver the same to him, while Postal Regulations, §§ 143, 144, authorize a suit against an employé and his sureties, and direct that, if recovery is had, the amount shall be paid to the United States and to the losers of the mail. *Held* that, as the

⊂⊃For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

United States was a bailee for hire of the packages stolen, it could, as such, recover on the bond of the employé, and recovery could not be defeated on the ground that, the insurance company having paid the bank, the doctrine of subrogation could not inure to it.

3. POST OFFICE ⊛9—THEFT OF MAIL—ACTIONS.

As the bond of the employé was conditioned that he should pay over to the proper official all moneys which came into his hands, the recovery of the United States, though for the benefit of the insurer of the bank, could not be limited to $50, which was the liability of the United States; but it could recover the amount of the loss up to the penalty of the bond.

4. POST OFFICE ⊛9—THEFT OF MAIL—ACTIONS.

As the bond made no provision for apportionment of loss, and there was no identity between the company, which insured the safe transmission of the registered package stolen, and defendant, which insured the conduct of the postal employé, there could be no apportionment of loss.

In Error to the District Court of the United States for the Southern Division of the Southern District of California; Oscar A. Trippet, Judge.

Action by the United States against the United States Fidelity & Guaranty Company, a corporation. There was a judgment for the United States, and defendant brings error. Affirmed.

The United States brought this action in its own behalf, and for the use and benefit of the subrogee of the First National Bank of Los Angeles, to recover judgment for $2,000, with interest, against the United States Fidelity & Guaranty Company, the penalty of a bond given by the Fidelity Company for that sum in favor of the United States. O. F. Altorre was a clerk in the post office at Los Angeles, and the Fidelity Company, plaintiff in error, became surety upon his bond. The bond called for the faithful discharge of all duties imposed upon Altorre by law or regulation of the Post Office Department, and that he would "faithfully account for, deliver, and pay over to the proper official or person all moneys, mail matter, and other property of every kind which shall come into his hands as such clerk, and which shall come into his hands by virtue of his occupancy of any position" in the post office. The defendant denied any liability to the United States, except for $50, and after trial judgment was entered in favor of the United States for $2,000 and interest. The company assigns error.

Upon the trial it was stipulated that Altorre stole $15,000 in money, contained in two registered packages, which came into his hands as a post office clerk, and which had been mailed by the First National Bank of Los Angeles, addressed to the Bank of Bisbee, Bisbee, Ariz. Before the packages were mailed, the sending bank insured the same against loss with an insurance company, and after the theft the insurance company paid the loss of $15,000 to the bank, and as subrogee of the bank the insurance company recovered from the United States $50, the liability of the United States for the packages stolen.

Gurney E. Newlin and A. W. Ashburn, both of Los Angeles, Cal., for plaintiff in error.

Albert Schoonover, U. S. Atty., and Robert O'Connor and W. F. Palmer, Asst. U. S. Attys., all of Los Angeles, Cal.

Before GILBERT and HUNT, Circuit Judges, and DIETRICH, District Judge.

HUNT, Circuit Judge (after stating the facts as above). [1, 2] Counsel for the Fidelity Company have argued at length that the doc-

trine of subrogation cannot inure to the benefit of the assuring company, that, inasmuch as the bank has been paid by the assuring company the full amount of the theft, as owner it has no interest in the litigation, and that the moral duty on the part of the government, as bailee, to procure a return of the money or equivalent to the owner, bailor, having been fulfilled, it is erroneous to permit recovery against the surety upon any assumption that it stands in the same position as the wrongdoer. But more than a moral duty attached to the United States in the premises. Section 4058, Revised Statutes (Comp. St. 1916, § 7607), provides:

"Whenever the Postmaster General is satisfied that money or property stolen from the mail, or the proceeds thereof, has been received at the department, he may, upon satisfactory evidence as to the owner, deliver the same to him."

The Postal Regulations, sections 143 and 144, authorize suit against an employé and his sureties and direct that if recovery is had the amount recovered shall be paid to the United States, "and to the losers of the mail, as their respective interests shall appear." Gibson v. U. S., 208 Fed. 534, 125 C. C. A. 536. It is well settled that the United States is a bailee for hire of registered packages and their contents and can maintain action against one who steals such mail and can recover full value of the property taken. National Surety Co. v. U. S., 129 Fed. 70, 63 C. C. A. 512; U. S. Fidelity & Guaranty Co. v. United States, 229 Fed. 397, 143 C. C. A. 517. Nor need such an action depend always upon the liability of the bailee to the bailor. Bode v. Lee, 102 Cal. 583, 36 Pac. 936. As said by the Court of Appeals in U. S. v. Atlantic Coast Line R. Co., 215 Fed. 56, 131 C. C. A. 364, L. R. A. 1915A, 374:

"The government could also recover the value of the mail lost for the benefit of the owners of the mail, provided the contract did not negative the idea of the liability extending that far."

Not only does the undertaking here sued upon fail in such negation, but by the express language used therein, the clerk and his sureties gave bond that he would account for and pay over all property that would come into his hands as a postal clerk. United States v. American Surety Co., 163 Fed. 228, 89 C. C. A. 658; United States v. American Surety Co. (C. C.) 155 Fed. 941. As we look at it, much of the argument with respect to the question of subrogation is not very close to the case, for the United States expressly avers in its complaint that the action is brought in its own behalf, and for the use and benefit of the subrogee, and that it may maintain such an action is, in the light of the decisions, beyond successful dispute. Searight v. Stokes, 3 How. 151, 11 L. Ed. 537; U. S. v. Griswold, 8 Ariz. 453, 76 Pac. 596; Id., 9 Ariz. 304, 80 Pac. 317; and cases above cited. When recovery has been had by the United States, then it is that disposition of the money will be made to those entitled thereto, in this instance the assuring company, which paid the loss and alleged to be the subrogee of the bank. Nothing in U. S. v. Bebee, 127 U. S. 338, 8 Sup. Ct. 1083, 32 L. Ed. 121, cited by the defendant, is inconsistent with what we have said, and U. S. v. Atlantic Coast Line (D. C.) 206 Fed. 203, so far as it may hold to a contrary view, was questioned on review by the

Circuit Court of Appeals in 215 Fed. 56, 131 C. C. A. 364, L. R. A. 1915A, 374.

[3] It is said that the judgment is erroneous in so far as it awards recovery in excess of $50 and interest. We think this argument, which rests upon the assumption that no legal obligation devolved upon the United States to pay or recover for the benefit of any one the amount of money which was stolen, is answered by reference to the provisions of the obligation that the clerk shall faithfully pay over to the proper official or person all moneys which shall come into his hands as clerk. The authorities heretofore cited hold that upon a bond so written the United States, as obligee, may recover to the full amount of the loss up to the penalty of the bond.

[4] Defendant assigns as error the ruling of the court that there was proof of loss in excess of $50. The point is not well taken because there was evidence of the shipment of $30,000 money by mail by the bank at Los Angeles, of the recovery of $15,000, of the failure to recover the balance, and there was a stipulation that Altorre stole packages shipped by the bank and containing the $30,000. It is said the judgment was too great, even if recovery is proper, and that, if the assuring company and the defendant are bound by the same obligation, neither should be required to bear more than its pro rata portion of that burden. The bond, however, makes no provision for apportionment of loss, and there is no such identity between the assurance company and the defendant company as to risks, or subject-matter, as warrants right to contribution.

The other points made by defendant are of minor importance, and are not well founded.

The judgment is affirmed.