## MASSACHUSETTS BONDING & INS. CO. v. UNITED STATES.

### No. 4524.

Circuit Court of Appeals, Seventh Circuit.

Dec. 29, 1931.

Irving A. Fish, J. H. Marshutz, and G. R. Hoffman, all of Milwaukee, Wis., for plaintiff in error.

Harold E. Hanson and Stanley M. Ryan, both of Madison, Wis., for the United States.

Before ALSCHULER, EVANS, and SPARKS, Circuit Judges.

EVANS, Circuit Judge.

This appeal is from a judgment entered in favor of appellee for the amount of a bond executed by appellant, which bond the deputy postmaster of Dodgeville, Wis., gave to appellee, conditioned upon the principal's faithful discharge of his duties.

The facts: As deputy postmaster, B. deposited money in the name of the postmaster and thereafter drew out some $2,200 and paid bills therefrom, which payments were unauthorized. He also failed to collect certain second class postage amounting to approximately $140 during the period in question. He likewise failed to deliver the full amount of an order for "special request envelopes." The amount due the customer was $88.64. He also failed to collect certain box rents from boxholders, and failed to promptly pay certain money orders for which he ultimately became indebted to the government. The postmaster promptly made reimbursement to the United States and to all persons who suffered loss by reason of the deputy's default. The United States held the deputy's bond

with appellant as surety. The present action was brought on this bond. Judgment was for appellee for the full amount of the bond. The sole defense was that appellee had been fully reimbursed for all of the deputy's defaults.

Appellant's position may be stated thus: The bond sued upon was given in Wisconsin, and the rights of the parties thereunder are governed by the laws of that state; that in Wisconsin, the obligee named in a penal bond can recover only the damages suffered by him, regardless of the amount of the bond (section 270.61, Wisconsin Statutes); that all actions must be brought in the name of the real party in interest (section 260.13, Wisconsin Statutes). It concludes, therefore, that the United States should not be permitted to maintain this action, because its claim has been entirely satisfied. Appellant contends that, inasmuch as the postmaster could not have brought suit directly on this bond, to which he is not a party, the government cannot maintain a suit for the benefit of said postmaster, because such liability is not included in the surety's undertaking.

Appellee argues that, inasmuch as the total default of the deputy postmaster exceeded the 'penal amount of the bond, the sole question is whether the United States may maintain an action to recover upon the bond for the benefit of a postmaster who voluntarily made good his deputy's shortage. It further contends that recovery may be had against the surety for the full penalty of the bond, limited only by the actual injuries suffered not only by the government, but by third parties who have made good the shortage of the principal.

In support of its position, it cites: United States v. U. S. Fidelity & Guaranty Co. (C. C. A. 6th Cir.) 247 F. 16; U. S. Fidelity & Guaranty Co. v. United States (C. C. A. 9th Cir.) 246 F. 433; National Surety Co. v. United States (C. C. A. 8th Cir.) 129 F. 70; United States v. American Surety Co. (C. C., N. D. Ill.) 155 F. 941; United States v. American Surety Co. (C. C. Md.) 161 F. 149; United States v. American Surety Co. (C. C. A. 4th Cir.) 163 F. 228; Gibson v. United States (C. C. A. 1st Cir.) 208 F. 534; U. S. Fidelity & Guaranty Co. v. United States (C. C. A. 8th Cir.) 229 F. 397.

An examination of the opinions in the cases cited by appellee discloses a fact situation which limits the holdings to cases where the government sued the surety for its own loss, as well as the loss of a patron of the United States post office. A typical case is that of U. S. F. & G. Co. v. United States (C. C. A.) 246 F. 433, where the question was whether the surety's liability covered a loss by a user of the post office, whose merchandise, shipped by mail, was lost. The shipper's loss was not fully covered by the government's liability to it. The court relied upon section 4058, Revised Statutes (39 USCA § 790), and also upon sections 143 and 144 of the Postal Regulations. This section of the statute and these regulations authorize suits against an employee and his surety, and provide that recovery be had for the amount of the loss which the United States suffered, as well as the loss of the user of the mail. The court said:

"It is well settled that the United States is a bailee for hire of registered packages and their contents and can maintain action against one who steals such mail and can recover full value of the property taken." 246 F. 435.

Its position as bailee was what justified the recovery of the full value of the property.

The surety's liability is fixed by the terms of its contract. The contract in question obligated appellant to pay the loss which appellee suffered by the deputy postmaster's default. If appellee suffered no loss, there was no liability. Likewise, if appellee's loss were satisfied by the deputy, or by some one else for him, then appellee would have no claim of its own for which it could maintain an action, for the reason that it suffered no loss.

We see no reason for extending the liability beyond the terms of the obligation, save as there may be written into the contract, the statutes, rules, and regulations, or other recognized provisions of the law applicable to sureties in cases of this kind. There are, it is true, statutes, rules, and regulations which are a part of every contract written, and these must be construed as enlarging the liability of the surety. See Postal Rules and Regulations of 1924 as amended, sections 70, 72, 73, 331 (5), 353, 354, 355, 634. But, neither the statutes nor the rules and regulations extend the liability of the surety to the case of a volunteer who makes good the shortage of a defaulting deputy, or to a postmaster who, as the superior of such deputy, makes good the deputy's shortage. In the absence of a statute or rule or regulation which we can say is a part of the contract, there exists no basis for extending the liability of the surety beyond the language of its contract.

There is a basis, in fact, which probably

accounts for the regulations and statute, above referred to, protecting the users of the mail, but this protection should not extend to a third party like a postmaster. One using the mail has no voice in the appointment of the post office force, and no control over the handling of the mail received by the department. The postmaster, on the other hand, is not so handicapped. He can exact a bond from the deputy to protect himself. He may cause the deputy's removal, and he may personally prevent defaults or misuse of funds. The user of the mails can do nothing but deliver his mail to the post office.

The judgment is reversed, and the cause remanded for further proceedings in consonance with the foregoing views.