**UNITED STATES on Behalf of FEDERAL INS. CO. et al. v. UNITED STATES LINES CO. et al.**

District Court, S. D. New York.
June 25, 1938.

Bigham, Englar, Jones & Houston, Henry N. Longley and John W. R. Zisgen, all of New York City, for libelant.

Kirlin, Campbell, Hickox, Keating & McGrann and Roger Siddall, all of New York City, for respondents, appearing specially, solely for purpose of making this motion.

LEIBELL, District Judge.

Respondents, United States Lines Company and United States Lines, Inc., appearing specially, make this motion "for an order dismissing the libel herein on the ground that the proctors purporting to act for the libelant, United States of America, have filed the libel and brought the suit without the consent of libelant, and contrary to its instructions, and that said proctors have no authority whatsoever to act in the premises".

The libel alleges that in the year 1933 three sacks of registered mail were stolen while in the possession of the United States Lines, or its representatives, for transportation aboard the steamship Manhattan to Plymouth, England.

As a result of the loss of the mail the United States of America was obliged to make limited reimbursement to those senders of the mail who had paid the required

fee for registered mail. In addition, certain private insurance companies, who had insured safe delivery of some of the stolen mail, made good the losses of their policyholders and upon such payment became subrogated to their rights.

The three bags of mail intended for transportation aboard the Manhattan were being carried pursuant to a mail contract between the Government and United States Lines, which provided, among other things, that the Line should "be answerable in damages to the United States for any loss or damage resulting to the mails or any part thereof by reason of any failure on its part, or of its officers, agents, or employees, to exercise due care in the custody, handling or transportation" of the mail.

In 1934, as to certain losses, and in 1935 as to others, the Attorney General of the United States authorized the firm of Bigham, Englar, Jones & Houston, Esqs., to file suit against the respondents for the recovery of: (1) The amount of the Government's losses in the form of indemnities paid to senders of mail and the value of the mail sacks lost; (2) damages consisting of the value of the lost mail which was covered by private insurance for the benefit of the several insurance companies as subrogees; and (3) the losses suffered by senders of mail who were not covered by insurance.

■ Suit, so authorized by the Attorney General, would have been proper because the United States has such a right in the mails as to justify a recovery of the full value of the property lost in the mails, regardless of the extent of the Government's own loss or liability. The proceeds of such suit, in excess of its own loss, would be held by the Government for the benefit of the users of the mail who suffered a loss of their property. United States v. United States Fidelity & Guaranty Co., 6 Cir., 247 F. 16, 18; United States Fidelity & Guaranty Co. v. United States, 9 Cir., 246 F. 433, 435, 436; United States v. American Surety Co., 4 Cir., 163 F. 228, 232.

· However, in July 1936, before any suit had been commenced pursuant to the aforementioned authorization by the Attorney General, the United States Lines protested to the Attorney General and requested that the said authorization be rescinded. As a result of this protest, the authorization was withdrawn pending a hearing, and subsequently, in August 1937, the authority to file suit was completely revoked. All of this appears in the allegations of the libel and in the exhibits thereto annexed.

Despite the revocation of the Attorney General's authorization, this suit has been commenced in the name of the "United States of America, on behalf of Federal Insurance Company, et al." The Attorney General, having withdrawn his authorization to the owner of the lost mail matter, or their insurers, to bring this suit, the question to be determined on this motion is whether the owners of the lost mail matter, or the insurance companies as their subrogees, are entitled to sue in the name of the United States of America on their own behalf, without the consent of the United States.

■ It is clear that there is no privity of contract between United States Lines and the users of the mail or their subrogees. The mail contract covering the carriage of the Manhattan specifically recites that the Line shall "be answerable in damages to the United States", for lack of due care in the custody, handling or transportation of the mail. The indirect benefit to the senders of the mail, if the United States should choose to sue, does not justify suit under the mail contract, by the senders in their own right without the consent of the United States. In German Alliance Ins. Co. v. Home Water Supply Co., 226 U.S. 220, 33 S.Ct. 32, 57 L.Ed. 195, 42 L.R.A., N.S., 1000, the Supreme Court wrote at pages 230, 231, 33 S.Ct. at page 35:

"In many jurisdictions a third person may now sue for the breach of a contract made for his benefit. The rule as to when this can be done varies in the different states. In some he must be the sole beneficiary. In others it must appear that one of the parties owed him a debt or duty, creating the privity necessary to enable him to hold the promisor liable. Others make further conditions. But even where the right is most liberally granted, it is recognized as an exception to the general principle, which proceeds on the legal and natural presumption that a contract is only intended for the benefit of those who made it. Before a stranger can avail himself of the exceptional privilege of suing for a breach of an agreement to which he is not a party, he must, at least, show that it was intended for his direct benefit. For, as said by this court, speaking of the right of bondholders to sue a third party who had made an agreement with the obligor to discharge the bonds, they 'may have

had an indirect interest in the performance of the undertakings * * * but that is a very different thing from the privity necessary to enable them to enforce the contract by suits in their own names.' Second Nat. Bank v. Grand Lodge, F. & A. M., 98 U.S. [123] 124, 25 L.Ed. [75] 76. Cf. Hendrick v. Lindsay, 93 U.S. [143] 149, 23 L.Ed. [855] 857; National Sav. Bank v. Ward, 100 U.S. [195] 202, 205, 25 L.Ed. [621] 623, 625.

"* * * * * *

"He [the citizen] is interested in the faithful performance of contracts of service by policemen, firemen, and mail contractors, as well as in holding to their warranties the vendors of fire engines. All of these employees, contractors, or vendors are paid out of taxes. But for the breaches of their contracts the citizen cannot sue, though he suffer loss because the carrier delayed in hauling the mail, or the policemen failed to walk his beat, or the fireman delayed in responding to an alarm, or the engine proved defective, resulting in his building being destroyed by fire."

The absence of privity of contract and of any right of the senders of the mail or their subrogees, to sue on a contract to which they were not parties seems to be recognized by the proctors for the libelant, for they have commenced this suit, not in the name of the individuals or corporations who are ultimately to benefit, but rather in the name of the United States of America which alone stands in privity of contract with United States Lines. The first paragraph of the libel states:—"At all the times mentioned in the libel, the libelant was and now is a corporation sovereign".

■ It thus appears that although the United States Government, the only party who may sue upon the cause of action pleaded in the libel, has decided not to sue, an attempt is here made to bring suit in its name and against its will. The libel is based on the contract to which the United States of America and the Line, were the parties. In my opinion, such an attempt cannot succeed, for were the law otherwise, a person indirectly to be benefited by the enforcement of another's right, could bring suit in the latter's name, though in his own name he was without right of remedy, and the holding of German Alliance Ins. Co. v. Home Water Supply Co., supra, could be thus easily avoided.

The proctors for libelant argue that the course followed by them in this suit is supported by Howard v. United States, 184 U.S. 676, 22 S.Ct. 543, 46 L.Ed. 754. They also rely on United States ex rel. Brimberg Bros. v. Globe Indemnity Co., 2 Cir., 26 F.2d 191 and United States ex rel. Matthews v. Massachusetts Bonding & Ins. Co., 207 App.Div. 619, 202 N.Y.S. 867; Id., 238 N.Y. 334, 144 N.E. 631. In each one of these cases suit was commenced in the name of the United States, and in the Howard Case it was stated that the consent of the United States to the use of its name was not necessary. However, each of these suits was upon a bond which had been posted to secure faithful performance of his duties by a certain individual occupying a public or quasi public position. The bonds were required by statute and were intended for the benefit of members of the public who would have dealings with the one who was bonded. Those cases, involving suits upon bonds, are not persuasive here. Though the bonds ran to the United States of America, yet, by necessary implication, "by legal intendment" (Howard v. United States, 184 U.S. at page 691, 22 S.Ct. at page 550), suit was proper in the name of the United States, on the relation of the person suffering an injury which it was the purpose of the bond to safeguard. See the discussion in the Howard Case, 184 U.S. at pages 692, 693, 22 S.Ct. at page 550, relating to the nature of a bond and the express or implied right to sue given to the persons who are protected by the bond.

■ I, therefore, reach the conclusion that the proctors for libelant had no right to bring this action in the name of the United States without its consent. It remains to consider whether the right procedure has been followed to raise that issue. I think it has. It was stated by Judge A. N. Hand in Re Retail Chemists Corporation, 2 Cir., 66 F.2d 605, 608:—

"A party to a suit may by timely motion dispute the authority of the opposing attorney to act for the party in whose name he is proceeding, and, if the authority is not shown, the court will dismiss the action for want of parties before it. [Citing cases.]

"* * * * * *

"It would be a strange result if a defendant were precluded from showing that

the party in whose name the action is brought had not authorized the institution of the proceedings."

Respondents' motion to dismiss the libel is granted.