**UNITED STATES for Use and Benefit of MIDLAND LOAN FINANCE CO. v. NATIONAL SURETY CORPORATION et al.**

No. 11347.

Circuit Court of Appeals, Eighth Circuit.

April 21, 1939.

Rehearing Denied May 10, 1939.

Benedict Deinard, of Minneapolis, Minn. (George B. Leonard, of Minneapolis, Minn., on the brief), for appellant.

Pierce Butler, Jr., of St. Paul, Minn. (Michael J. Doherty and Robert O. Sullivan, both of St. Paul, Minn., on the brief), for appellee National Surety Corporation.

George T. Havel, of Le Center, Minn., for appellee Patrick J. Malone.

Before SANBORN, THOMAS, and VAN VALKENBURGH, Circuit Judges.

THOMAS, Circuit Judge.

On this appeal a single question of law is presented. It is: May a private sender of mail through the United States mails maintain an action, without the consent of the government, upon the official bond of an acting postmaster to recover consequential damages resulting from the delivery of mail to one other than the addressee without the written consent of the sender?

The lower court in an able and exhaustive opinion held that such an action can not be maintained. The motion of the surety to dismiss the complaint was sustained on the grounds that the United States is the sole party in interest entitled to sue or to recover on the bond and that the plaintiff, not having obtained the government's consent so to do, can not maintain an action in the name of the United States. See United States, for Use and Benefit of Midland Finance Co. v. National Surety Corporation et al., D.C., 23 F.Supp. 411. The court also dismissed the action against Malone, the principal on the bond, for lack, in the absence of the surety as a party, of the requisite diversity of citizenship to confer jurisdiction. The plaintiff assigns error directed to both rul-

ings, but the argument in this court is addressed exclusively to the alleged errors relating to the sustaining of the surety's motion.

The material facts are not in dispute. The appellant, Midland Loan Finance Company, brought the action for its use and benefit in the name of the United States against the principal and surety to recover the penalty of the bond in the sum of $16,-000. The total alleged loss was $34,997.03. The consent of the United States to bring the suit was not obtained. The question presented was properly saved in the lower court.

The appellant is a corporation engaged in the automobile finance business at Minneapolis, Minnesota. It purchases contracts of sale from automobile dealers. Thomas Hunting was such a dealer at Montgomery, Minnesota, where the defendant Malone was acting postmaster. Hunting sold to the appellant conditional sales contracts including the installment notes of the purchasers. In submitting contracts and notes to appellant, Hunting gave credit references. Appellant addressed letters to the makers of the contracts and to the credit references at Montgomery. At the request of Hunting the postmaster delivered to him substantially all of the letters received at Montgomery in appellant's envelopes. Hunting then sold to appellant spurious contracts made in the name of fictitious persons with fictitious credit references. Since he received the mail addressed to such fictitious names he was enabled to defraud the appellant of the moneys for which damage is sought in this action. It is not claimed that any of the lost funds came into the possession of the acting postmaster or that he had any knowledge of the fraud that was being perpetrated by Hunting. The appellant not only did not consent to the delivery of its letters to Hunting, but it was ignorant of the fact that they were not delivered to the persons addressed.

The bond, given by the defendants as principal and surety, bound them "to pay to the United States of America the sum of Sixteen Thousand dollars" on condition that if Malone "shall faithfully discharge all duties and trusts imposed on him as acting postmaster either by law or by the regulations of the Post Office Department, and shall perform all duties as fiscal agent of the Government imposed on him by law or by regulation of the Treasury Depart-

ment made in conformity with law * * then this obligation shall be void; otherwise, of force."

The bond was made and delivered pursuant to section 34, Title 39 U.S.C.A., which provides: "Every postmaster, before entering upon the duties of his office, shall give bond, with good and approved security, and in such penalty as the Postmaster General shall deem sufficient, conditioned for the faithful discharge of all duties and trusts imposed on him either by law or the rules and regulations of the department."

Other pertinent statutes provide:

"All bonds taken and contracts entered into by the Post Office Department shall be made to and with the United States of America." 5 U.S.C.A. § 377.

"All suits * * * arising under the postal laws, shall be brought in the name of the United States." 28 U.S.C.A. § 732.

The Postal Laws and Regulations, Edition of 1932, provide:

"Section 777. 1. Mail matter should be delivered to the person addressed or in accordance with his written order.

"2. When a person requests delivery to him of the mail of another, claiming that that addressee has verbally given him authority to receive it, the postmaster, if he doubts the authority, may require it to be in writing, signed and filed in his office."

Section 816 provides for recovery of loss due to wrongful delivery from the postal employee responsible therefor by the Chief Inspector by proceedings in the department, and that "7. All amounts recovered under the provisions of this section shall be paid to the United States and to the senders or owners of the mail as their interests shall appear."

It will be observed that this is not an action against the postmaster sounding in tort nor one against the United States on the theory of respondeat superior. It is an action on a bond by a stranger to the contract brought without the consent of the obligee. If it be assumed that the postmaster breached the bond by failing to require Hunting to file with him the written order of the addressees before delivering the letters in accordance with the provisions of section 777 of the Postal Regulations, it does not follow that appellant is entitled to maintain the action. No federal statute authorizes such procedure; and it is the general rule that "a third per-

son cannot sue for the breach of a contract to which he is a stranger unless he is in privity with the parties and is therein given a direct interest." German Alliance Insurance Co. v. Home Water Co., 226 U.S. 220, 234, 33 S.Ct. 32, 57 L.Ed. 195, 42 L. R.A.,N.S., 1000. This rule has frequently been invoked in determining whether a person other than the obligee named in a bond may sue for its breach. Federal Surety Co. v. Minneapolis Steel & Machinery Co., 8 Cir., 17 F.2d 242; Chicago, R. I. & P. Ry. Co. v. Maryland Casualty Co., 8 Cir., 75 F.2d 596, 599; United States v. United States Lines Co., D.C.N.Y., 24 F.Supp. 427. Generally, in the absence of some enabling statute, the obligee named in the bond is the only person entitled to maintain an action upon it. Bowers v. American Surety Co., 2 Cir., 30 F.2d 244; Washington, use of M'Cue v. Young, 10 Wheat. 404, 6 L.Ed. 352; Howard v. United States, 184 U.S. 676, 22 S.Ct. 543, 46 L. Ed. 754; Moody v. Megee, D.C.Tex., 31 F.2d 117, affirmed by the 5th Cir. in 41 F. 2d 515; District of Columbia, to Use of Langellotti v. Fidelity & Deposit Co. of Maryland, 50 App.D.C. 309, 271 F. 383; Equitable Surety Co. v. Board of Commissioners, 5 Cir., 256 F. 773, 775; United States v. Abeel, 5 Cir., 174 F. 12, 18; United States v. Griswold, 8 Ariz. 453, 76 P. 596 (suit on a postmasters bond); and see Munroe v. Raphael, 288 U.S. 485, 488, 53 S.Ct. 424, 77 L.Ed. 910.

In Washington v. Young, supra, Chief Justice Marshall said [10 Wheat. 404]: "No person who is not the proprietor of an obligation, can have a legal right to put it in suit, unless such right be given by the legislature; and no person can be authorized to use the name of another, without his assent given in fact, or by legal intendment." It is the appellant's contention that, although the government has not consented to an action on the bond in the name of the United States, the obligee named therein, it has such right by virtue of "legal intendment", that is, that it was the intention of Congress, as shown by the statutes quoted supra, to confer upon the users of the United States mails the right to sue upon the bonds of postmasters in the name of the United States for the benefit of such users. To support this contention appellant relies upon the decision of the Supreme Court in Howard v. United States, supra. In that case it was held that a private suitor might maintain an action in the name of the United States on the bond of a clerk of a federal court executed pursuant to a federal statute and naming the United States as obligee. The clerk had embezzled funds deposited in his hands by the suitor. The court found that in view of the fact that the great mass of litigation in the federal courts was between individuals, Congress must have intended that a Clerk's bond should be for the protection of both public and private suitors, and it held that consent to sue in the name of the obligee, the United States, might be assumed to arise by legal intendment.

We are urged to find a similar legal intendment in the statute under which the bond in suit was taken. In this connection it is said that the letter of the statute confers benefits upon users of the mails as well as upon the government; that the postal regulations relating to the safe conduct of the mail are primarily for their benefit; and that the situation is similar to that in the Howard case in that the principal purpose of the postal system is to transmit private mail. We are of the opinion, however, that these considerations are outweighed by the fact that the United States has sufficient interest in the integrity of its fiscal and other relations with the numerous postal employees over the country to indicate that the statute requires a bond primarily for the government's protection. It is reasonable to presume that Congress intended primarily to protect that interest in enacting the statute requiring postmasters to give bond. The related statutes and postal regulations all point to this conclusion. No inference may be drawn from them that Congress intended to extend the protection of the bond to private mail-users. Support for these conclusions will be found in Idaho Gold Reduction Co. v. Croghan, 6 Idaho 471, 56 P. 164; United States v. Griswold, 8 Ariz. 453, 76 P. 596; 49 C.J. 1455. The plaintiff's argument and authorities fall far short of establishing the proposition that the bond in suit was required for the direct benefit of private mail-users, or that a legal intendment permitting them to sue on the bond should be read into the statute. We conclude that the dominant purpose of Congress was to provide protection to the United States.

These conclusions are not inconsistent with those decisions in which the government in actions brought in the name of the

United States upon similar bonds has recovered for the theft of registered letters and the like, even in the absence of the assertion of a claim by the sender or proof of loss to the government other than the interference with its special property right as a bailee. In such cases the injury to its property right and the moral, and perhaps legal, obligation to refund the amount of the recovery to the mail-user are said to sustain a suit on the bond for the value of the lost property irrespective of the fact that the government may not be liable to the mail-user for that amount. National Surety Co. v. United States, 8 Cir., 129 F. 70; United States v. American Surety Co., C.C. Ill., 155 F. 941; United States v. American Surety Co., 4 Cir., 163 F. 228; Gibson v. United States, 1 Cir., 208 F. 534; United States Fidelity & Guaranty Co. v. United States, 9 Cir., 246 F. 433. Whether these authorities would sustain an action by the government in this instance need not be determined. The indirect benefit to the plaintiff, if the government may maintain such an action in its interest, does not justify the present suit. United States v. United States Lines Co., D.C.N.Y., 24 F.Supp. 427.

The judgment is affirmed.