(February 9, 1899.)

## IDAHO GOLD REDUCTION COMPANY v. CROGHAN.

[56 Pac. 164.]

Pleading—Misjoinder of Parties.—Where a corporation has passed into the hands of a receiver, it is error to join such corporation with the receiver in an action to recover money alleged to be due said receiver.

Same—Liability of Postmaster—Official Bond.—While a postmaster is liable to private parties for money or property coming to his hands as such postmaster, and lost through wrongful act, neglect or default, of such postmaster, his assistants or servants, an action to recover the same should be brought against the postmaster, and not upon his official bond.

(Syllabus by the court.)

APPEAL from District Court, Lemhi County.

Redwine & Boyd, for Appellants.

The demurrer of Croghan as to a misjoinder of parties plaintiff should have been sustained. The corporation, which had no right of action in itself, and whose affairs were entirely in the hands of a receiver was joined as plaintiff with Allan, as receiver. It requires no argument to show that this was clearly a misjoinder; that it is a fatal error. (Stephen on Pleading, 3d American ed., 26; 17 Am. & Eng. Ency. of Law, 607; *Dias v. Phillips,* 59 Cal. 293; *Tell v. Gibson,* 66 Cal. 247, 5 Pac. 223.) We contend that the complaint does not state a cause of action for the reason that; it not appearing

from the complaint that the defendant Croghan executed the bond, the action must be in tort, and he must be sued upon this exactly as a person who was not an officer, and the same allegations must be made in the complaint. (*Sacramento v. Dunlap,* 14 Cal. 421.)

A. B. Gough, for Respondents.

The court did not err in overruling the demurrer to the misjoinder of parties plaintiff. (*Mitchell v. Cline,* 84 Cal. 409, 24 Pac. 164.) If error at all, it was harmless. The defendants were not injured by reason of same. It is a joint judgment in favor of plaintiffs; therefore, a bar to another action by either of them against defendants on the same cause, and for this reason cannot be prejudicial to defendants. (*White v. The Mary Ann,* 6 Cal. 462, 65 Am. Dec. 523.) The real question in this case is, whether or not Croghan's bondsmen are liable for his breach of an official duty. Croghan, as such postmaster, is certainly liable. (Cooley on Torts, sec. 391; *Teall v. Felton,* 1 N. Y. 537, 49 Am. Dec. 352, 12 How. (U. S.) 284.) The bond of a postmaster is conditioned that he will faithfully discharge all of the duties imposed upon him by law or by the rules and regulations of the postoffice department. (U. S. Rev. Stats., sec. 3834; Murfree on Official Bonds, sec. 276; 18 Am. & Eng. Ency. of Law, 850.)

HUSTON, C. J.—This is an action brought by the plaintiffs against the defendants upon the bond of the defendant Croghan as postmaster, and the other defendants as sureties on such bond to recover the sum of $500 alleged to have been converted by the defendant Croghan while he was postmaster at Gibbonsville, Lemhi county, Idaho, and which was alleged to be the money and property of plaintiffs. Defendant Davis was not served. Defendants Croghan and Maydole filed separate demurrers, setting up various grounds: 1. Misjoinder of parties plaintiff; 2. Misjoinder of parties defendant; 3. Ambiguity; 4. Complaint does not state facts sufficient to constitute a cause of action. Demurrers were all overruled, and the defendants Croghan and Maydole answered. The case

was tried before the court with a jury, who returned a verdict for plaintiffs for the sum of $500, and judgment was entered thereon, from which judgment this appeal is taken.

The errors assigned go to the overruling of the demurrers, and, we think, are all well taken. The joining of the corporation with the receiver, the corporation having passed into the hands of a receiver, was error. The corporation was no longer capable of suing or of being sued. Its suable functions were merged in the receiver. As suggested by counsel it would be as proper to join the deceased as plaintiff in an action by the administrator of his estate.

We know of no law authorizing the bringing of suit upon a postmaster's bond by a private party. It could only be done by virtue of some statute of the United States, and we know of no such statute. The statutes of the United States (U. S. Rev. Stats., sec. 784), provide for the bringing of action upon the bond of a marshal, by any person injured by a breach of the condition of such bond; but no such provision is made as to the bond of a postmaster. Again, it is not alleged in the complaint that the defendant Croghan ever gave any bond. The allegation in the complaint, after stating that "the defendant George Croghan had been and was the duly appointed and qualified and acting postmaster of the town of Gibbonsville, Lemhi county, Idaho," proceeds: "That before entering upon his duties as such postmaster, and in consideration of his appointment to said office, the defendants William Davis and B. A. Maydole, on or about the fifteenth day of October, 1895, and within two years prior to the twentieth day of March, 1896, duly made, executed, and entered into an obligation and official bond, pursuant to the provisions of section 3834 of the Revised Statutes of the United States," etc. The bond is not otherwise set forth, nor is any copy of bond annexed to the complaint. It does not appear from the complaint, otherwise than by the reference to the Revised Statutes of the United States, to whom the bond was given, or what were the conditions thereof. Section 403 of the United States Revised Statutes requires that all bonds taken by the post-

office department shall be made to the United States of America. If Croghan did not execute the bond, then it was not such a bond as is provided for by section 3834 of the United States Revised Statutes.

That an action can be brought upon the official bond of a postmaster by a private party alleged to be injured by the wrongful conversion, by the postmaster, of moneys belonging to such private person, and that without setting forth or producing the bond, or a copy of it, in the record, is a proposition of which we can find no authority. That the postmaster is liable to a private person for money or property lost through the negligence or wrongful act of the postmaster or his assistants or servants is, we think, established by the authorities; but we have found no case where such recovery was had or sought by action upon the postmaster's bond to the United States. (*Bishop v. Williamson,* 11 Me. 495; *Bolan v. Same,* 1 Brev. 181; *Coleman v. Frazier,* 4 Rich. 146, 53 Am. Dec. 727; *Christy v. Smith,* 23 Vt. 663.) The judgment of the district court is reversed, and the cause remanded, with instructions to the district court to sustain the demurrers of defendants. Costs to appellants.

Sullivan, J., concurs.

Quarles, J., having been of counsel, took no part in the decision of this case.