### WILE v. UNITED STATES FIDELITY & GUARANTY CO. et al.

(First Division.  Juneau.  January 21, 1918.)

No. 1678–A.

**Post Office** ⬯7(2)—Pleadings—Bonds.

> An assistant postmaster embezzled the post office funds, which the postmaster repaid to the United States, and then brought suit against the assistant and the bonding company, which had given security to the United States for the faithful performance of his duty by the assistant, to recover the deficit. On demurrer to the complaint, by the bonding company; *held*, the complaint did not state any cause of action, in favor of plaintiff, and against the bonding company; the bond having been given to and for the protection of the United States only.

This is a suit on a bond given by the defendant Harry T. MacLean, assistant postmaster at Iditarod, Alaska.  The surety on the bond is the other defendant, the United States Fidelity & Guaranty Company.  The bond, which is set forth in the complaint, runs to the United States, is in the sum of $1,000, and is conditioned that:

"If the said Harry T. MacLean shall on and after April 1, 1914, faithfully discharge all the duties and trusts imposed on him in any position or positions in the said post office to which he shall be appointed and for which he shall duly qualify, and shall faithfully account for, deliver, and pay over to the proper official or person all moneys, mail matter, and other property of every kind which shall come into his hands as such assistant postmaster, and which shall come into his hands by virtue of his occupancy of any position or positions in the said post office to which he shall be appointed and for which he shall duly qualify, as aforesaid, and shall also perform all duties and obligations imposed or required of him by law, or by regulation made pursuant to law, in connection with the Postal Savings Depository System, then this obligation shall be void; otherwise, of force.

The complaint further alleges that, while such assistant postmaster, the said MacLean embezzled the sum of $369, and that Wile, who was the postmaster, did—

⬯See same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

"upon demand being made by the officers of the United States Post Office Department pay the United States the said sum of $369, being the total amount of the funds embezzled by the defendant MacLean."

Judgment is asked for the said sum of $369.

Cheney & Ziegler, of Juneau, for plaintiff.

Gunnison & Robertson, of Juneau, for defendant.

JENNINGS, District Judge.  The defendant the United States Fidelity & Guaranty Company demurs to the complaint on the grounds (1) that the plaintiff has no legal capacity to sue; (2) that there is a defect of parties plaintiff and parties defendant; (3) that the said complaint does not state facts sufficient to constitute a cause of action.

Neither the first nor second ground of the demurrer can be sustained.  The third ground, to wit, that the complaint does not state facts sufficient to constitute a cause of action againt the demurrant, remains to be considered.

The provisions of the statute with reference to the bonds of assistant postmasters at first, second, and third class post-offices are to be found in Act June 13, 1898, c. 446, § 3 (U. S. Comp. St. § 7232), and are as follows:

"Assistant postmasters and cashiers at first, second, and third class post offices, and when deemed necessary by the Postmaster General for the better protection of the interests of the government any other employees in such offices, shall before entering upon the duties of their office, give bond to the United States, with good and approved security, and in such penalty as the Postmaster General shall prescribe, conditioned for the faithful discharge of all duties and trusts imposed upon them either by law or the rules and regulations of the Post Office Department."

By section 317 of the Postal Regulations it is stated that:

"The bonds taken from assistants and clerks in post offices are simply additional security of which the United States may avail itself in case of loss."

I cannot see that any cause of action is stated in favor of Wile against the Surety Company.  There is no privity of contract between them.  The bond runs to the United States of America, and by its terms is to protect the government.

The case of the giving of bonds by United States marshals to the United States, upon which bonds injured third per-

6 A.R.—4

sons may sue, is covered by a special statute (R. S. U. S. § 784 [U. S. Comp. St. § 1308]), which provides that:

"In case of a breach of the condition of a marshal's bond, any person thereby injured may institute in his own name and for his sole use a suit on said bond, and thereupon recover such damages as shall be legally assessed, with costs of suit, for which execution may issue for him in due form."

I have been unable to find any statute giving a similar right of action to third persons in the case of bonds of assistant postmasters.

In Idaho Gold Reduction Co. v. Croghan, 6 Idaho, 471, 56 Pac. 164, which was a suit brought by a third person against a postmaster and his surety for money alleged to have been converted by the postmaster, and which was alleged to be the money and property of the plaintiff, a demurrer was overruled by the lower court; but the case was reversed by the upper court and the cause remanded, with instructions to sustain the demurrer. The upper court said:

"We know of no law authorizing the bringing of suit upon a postmaster's bond by a private party. It could only be done by virtue of some statute of the United States, and we know of no such statute. The statutes of the United States * * * provide for the bringing of action upon the bond of a marshal, by any person injured by a breach of the condition of such bond; but no such provision is made as to the bond of a postmaster."

To a like effect is the case of United States v. Griswold, 8 Ariz. 453, 76 Pac. 596, where the court says:

"All bonds given by government officials are to be construed as though executed and to be performed at Washington, and hence are to be construed according to the rules of the common law, except where these rules have been changed or modified by statute. Cox v. U S., 31 U. S. 172, 8 L. Ed. 359. At common law suit upon an official bond must be brought and a recovery had in the name of the obligee. There is no congressional statute modifying the common law limiting the liability of sureties to suits brought by or in the name of the United States, as there is in the case of bonds given by United States marshals. In the latter case there is statutory authority authorizing any person to bring, in his own name and for his sole use, suit on the marshal's bond for a breach of its conditions. * * * It follows, therefore, that P. Sandoval & Co. could not maintain a suit on the postmaster's bond in their own name to recover for the loss of the registered package."

The surety is entitled to stand on the terms of his contract. Of course, the law is to be read into that contract; but here there is no law to be read into the contract which

would in any wise militate against its purport and intent as manifested by the language. The postmaster is responsible for the delinquency of the assistant postmaster. He can be protected by securing a bond running to him; but I cannot see how a bond running to the United States can avail him, in the absence of statute. Of course. the assistant postmaster himself is liable to the postmaster; but I cannot see how the surety, who never contracted to be liable to the postmaster, can be so held.

The demurrer will be sustained.

---

☞See same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes