## UNITED STATES v. AMERICAN SURETY CO. OF NEW YORK.

### (Circuit Court, D. Maryland. January 8, 1908.)

1. **POST OFFICE—MAIL MATTER—GOVERNMENT AS BAILEE.**

     The government in the operation of the post office department is in law a bailee of the mail matter intrusted to it for transmission.

2. **SAME—ACTION ON BOND.**

     Where mail matter is stolen by government clerks, the government's moral obligation to pay over to the bailors the amount recovered on the bond of the clerks in default is sufficient to enable the government to maintain an action on the bond, though the government is under no legal obligation to the senders or addressees of ordinary unregistered mail lost or stolen in transit.

3. **TRIAL—PRAYER FOR PEREMPTORY INSTRUCTION—EVIDENCE.**

     On a prayer for a peremptory instruction in a federal court, the question is not whether there is literally no evidence, but whether there is any evidence, on which a jury can properly proceed to find a verdict for the party producing it, on whom the burden of proof is imposed, and whether a verdict on the evidence submitted by plaintiff would be clearly wrong in the judgment of the great majority of ordinarily reasonable and fair men.

4. **SAME—DIRECTION OF VERDICT.**

     Where the evidence given at the trial with all legal inferences that the jury could justifiably draw therefrom is insufficient to support a verdict for plaintiff so that such verdict, if returned, must be set aside, the court

is not bound to submit the case to the jury but may direct a verdict for defendant.

5. EVIDENCE—WEIGHT OF EVIDENCE—CONFLICTING THEORIES.

When plaintiff produces evidence that is consistent with a hypothesis that the defendant is not liable and also with one that he is, the evidence tends to establish neither hypothesis.

6. POST OFFICE—RAILWAY POSTAL CLERKS—BONDS—ACTIONS.

Evidence of the guilt of a postal clerk of stealing certain letters from the mails *held* insufficient to establish a breach of his fidelity bond.

John C. Rose and Morris A. Soper, for plaintiff.
James U. Dennis, for the United States.

MORRIS, District Judge. On December 1, 1904, the defendant, American Surety Company of New York, became surety on a bond to the United States of America in the penalty of $1,000, conditioned that one Charles W. Hammel "shall, from and after December 1, 1904, faithfully discharge all the duties and trusts imposed on him as such railway postal clerk in the railway postal office above named, or any other railway post office to which he may be hereafter transferred or assigned, or in any position of transfer clerk to which he may be detailed, either by law, or the rules and regulations of the Post Office Department of the United States, and shall faithfully account for and pay over to the proper official all moneys which shall come into his hands as such railway postal clerk; and shall, upon the termination of his term of office or employment, return to the proper official all property of every kind which shall be in his possession as such railway postal clerk." On November 7, 1906, the United States of America brought this suit on said bond against said surety, alleging a breach of the conditions. To the declaration the defendant pleaded (1) non est factum; (2) performance; (3) non damnificatus.

The plaintiff to support its case proved the bond, and read in evidence the stipulation filed in the case which embodies the agreed statement of facts. The defendant thereupon filed the following motion:

"The defendant, American Surety Company of New York, excepts to all the testimony of the senders and addressees, and each of them, of the letters mentioned in the list of letters incorporated in the stipulation heretofore filed in this case, and moves the court to strike out all the testimony of said senders and addressees of said letters, as set forth in said stipulation, because the said evidence is incompetent and irrelevant in this case, as the obligee (the plaintiff) mentioned in the bond is under no obligation to refund to such senders and addressees the sum or sums lost by them, and the losses of such senders and addressees should not be considered in estimating the damages to the plaintiff."

The plaintiff then closed its case, and the defendant submitted this prayer:

"The defendant, American Surety Company of New York, prays the court to instruct itself, sitting as a jury, that the plaintiff has offered no evidence in this case legally sufficient to entitle it to recover, and that the verdict must therefore be for the defendant."

On the above motion to strike out testimony it is necessary to consider the right of the plaintiff to maintain such an action as this, when

it is not under legal obligation to pay to the senders or the addressees of mail matter damages consequent to them through the loss of such mail matter.

It is to be noted that the mail matter involved in this suit is ordinary, unregistered mail, and the plaintiff is under no legal obligation to the senders or addressees thereof, even though there should be a recovery on this bond, but, in the event of a recovery, there would be a moral obligation on the plaintiff to pay to the claimant the amount so recovered. The government in the operation of the post office department is in law regarded as a bailee of the mail matter intrusted to it for transmission.

The defendant contends that the right of the bailee to sue a third person to recover the possession of the property bailed, or for damages on account of it, being based on the liability of the bailee to answer to the bailor for the property, there would be no liability of such third person to the bailee, if the bailor could not recover from the bailee, except that the bailee might, perhaps, bring a possessory action to recover the specific property in order to enable it to carry out the purpose of the bailment, and if there is no right of recovery against the principal there is no such right against the surety. I cannot agree with this contention of the defendant. The moral obligation to pay over to the bailors the amount recovered under the bond would be sufficient to enable the bailee in this case to maintain the action. National Surety Co. v. U. S., 129 Fed. 70, 63 C. C. A. 512; American Surety Co. v. U. S., 133 Fed. 1019, 66 C. C. A. 679; U. S. v. American Surety Co. (C. C.) 155 Fed. 941; Chamberlain v. West, 37 Minn. 54, 33 N. W. 111. The motion will therefore be refused.

The prayer of the defendant is next to be considered. The rule of law controlling federal courts in passing upon such a prayer is plain. The question is "not whether there is literally no evidence, but whether there is any upon which a jury can properly proceed to find a verdict for the party producing it, upon whom the burden of proof is imposed." Commissioners of Marion County v. Clark, 94 U. S. 278, 24 L. Ed. 59, citing Gibling v. McMullin, 2 Privy Council App. 317, 335. As it is put by Mr. Justice Brett in Bridges v. Ry. Co., L. R. 7 H. L. 213, 233, the question is whether the verdict on the evidence submitted by the plaintiff would be clearly wrong in the judgment of the great majority of ordinarily reasonable and fair men. When the evidence given at the trial, with all legal inferences that the jury could justifiably draw from it, is insufficient to support a verdict for the plaintiff, so that such a verdict for the plaintiff, if returned, must be set aside, the court is not bound to submit the case to the jury, but may direct a verdict for the defendant. Randall v. B. & O. R. R., 109 U. S. 478, 3 Sup. Ct. 322, 27 L. Ed. 1003. In meeting the burden of proof in this case, it is not enough for the plaintiff to show that the wrong complained of might have been occasioned by the default of Hammel that he was pilfering from the mails and had the opportunity to take the things of value contained in the 120 letters. When the plaintiff produces evidence that is consistent with an hypothesis that the defendant is not liable and also with one that it is, his evidence tends to establish

neither. Ewing v. Goode (C. C.) 78 Fed. 442; L. & N. Ry. Co. v. E. T. V. & G. Ry. Co., 60 Fed. 993, 9 C. C. A. 314.

Hammel worked on the railway postal cars operated between New York City and Washington, D. C. One of the items of mail on which this suit is based is proved to have been mailed at New London, Conn., addressed to a person in Waycross, Ga. Other items are proved to have been mailed in Philadelphia, Pa., addressed respectively to persons in Baltimore, and there are 120 items included in the claim on which this suit is brought. As to any one of those items, is there any evidence, with all the inferences that a jury could justifiably draw from it, sufficient to support a verdict for the plaintiff that the court would sustain? I am of opinion that there is not. Such a verdict would be clearly wrong in the judgment of the great majority of ordinarily reasonable and fair men.

Even allowing his testimony full weight in support of the plaintiff's hypothesis that the defendant is liable, Hammel cannot identify any one of the letters as having been taken by him. Each one of those items of mail enumerated in the stipulation was handled by, and accessible to, many post office employés, and subject to possible theft, loss, or destruction by each of them; but because these items in the course of proper transmission through the mails would have passed through the hands of Hammel or been accessible to him, and because he admits that he stole from the mail during the period when these letters disappeared, it is sought to hold the surety on his bond responsible for the loss of the letters. The evidence is too inconclusive to support the suit. The law does not presume the guilt of a person, but it does not follow that, in such a case as this, Hammel is to be considered as the only thief then in the employ of the post office department. The letters on which the claim is made might have been stolen, lost, destroyed, or miscarried before or after they were accessible to Hammel, or may have been taken by others on the mail car with him.

Being of opinion that the evidence offered by the plaintiff is insufficient to support its case, under the rules of law above set forth, I would set aside a verdict found for the plaintiff by a jury in this case, and I therefore grant the prayer of the defendant, which asks me to say that there is no legally sufficient evidence entitling the plaintiff to recover, and that the verdict must be for the defendant.