### UNITED STATES v. ATLANTIC COAST LINE R. CO.

(Circuit Court of Appeals, Fourth Circuit. June 9, 1914.)

No. 1226.

1. POST OFFICE (§ 22*)—TRANSPORTATION OF MAILS—NEGLIGENCE OF SERVANTS—LIABILITY OF CARRIER.

    A railroad in transporting the mails is not relieved from liability for the negligence of its servants because it is performing a public function, but is liable according to its contracts for any loss due to its corporate negligence or the negligence of any of its servants.

    [Ed. Note.—For other cases, see Post Office, Cent. Dig. §§ 40, 41; Dec. Dig. § 22.*]

2. POST OFFICE (§ 22*)—MAIL MATTER—PROPERTY RIGHTS.

    The United States has a property right in the mails, and may recover from any person to whom the mails are intrusted direct damages for loss or delay due to the bailee's negligence, which would be the labor and time necessary in the effort to recover the various parcels and the disarrangement of the post office business, and also the value of the mail lost for the benefit of the owners, unless the contract negatives such liability.

    [Ed. Note.—For other cases, see Post Office, Cent. Dig. §§ 40, 41; Dec. Dig. § 22.*]

3. POST OFFICE (§ 22*)—TRANSPORTATION OF MAILS—GOVERNMENT CONTRACT—NONMAILABLE MATTER—DIAMONDS.

    Since a government contract with a railroad company for the transportation of mails only obligates the carrier to exercise due care in the transportation of legitimate mail matter, the government may not recover for loss of diamonds, which are nonmailable, due to the carrier's alleged negligence.

    [Ed. Note.—For other cases, see Post Office, Cent. Dig. §§ 40, 41; Dec. Dig. § 22.*]

4. POST OFFICE (§ 22*)—TRANSPORTATION OF MAILS—LOSS—GOVERNMENT'S LIABILITY TO OWNER.

    The government is not responsible to the owner of mail lost in transportation.

    [Ed. Note.—For other cases, see Post Office, Cent. Dig. §§ 40, 41; Dec. Dig. § 22.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

**5.** Post Office (§ 22*)—Transportation of Mails—Liability for Loss—
Government's Remedy.
    Post Office Regulation, § 1489, relating to the duties of railroads with
respect to transportation of the mails, provides that fines may be impos-
ed at the discretion of the Postmaster General for each of several de-
linquencies, including the suffering of mail to become wet, lost, injured,
or destroyed, or conveying or keeping it in a place or manner that ex-
poses it to depredation, loss, or injury. *Held,* that in the absence of a
provision in the government's contract with a railroad for transporting
mails that the railroad company should be liable for damage caused by
injury to or loss of mails, the remedy by fine provided by such regulation
constituted an exclusive remedy.
    [Ed. Note.—For other cases, see Post Office, Cent. Dig. §§ 40, 41; Dec.
Dig. § 22.*]

In Error to the District Court of the United States for the Eastern
District of North Carolina, at Wilmington; Henry G. Connor, Judge.

Action by the United States of America against the Atlantic Coast
Line Railroad Company. Judgment (206 Fed. 190) for defendant, and
the United States brings error. Affirmed.

Chapman W. Maupin, Special Asst. U. S. Atty., of Washington, D.
C. (H. F. Seawell, U. S. Atty., of Carthage, N. C., and Francis D.
Winston, U. S. Atty., of Windsor, N. C., on the brief), for the United
States.

George B. Elliott and W. A. Townes, both of Wilmington, N. C., for
defendant in error.

Before PRITCHARD, KNAPP, and WOODS, Circuit Judges.

PRITCHARD, Circuit Judge. The United States as plaintiff in its
own interest, and in the interest of the senders of certain pieces of
mail matter committed to its possession as bailee of said senders,
brought this action against the Atlantic Coast Line Railroad Company
in the United States District Court for the Eastern District of North
Carolina.

It is alleged in the complaint that prior to and on the 18th day of
April, 1904, and thereafter, the defendant as a common carrier was
under contract with the government, made pursuant to the act of Con-
gress, to carry the United States mails on route No. 118,002 on its rail-
road between Weldon, in the state of North Carolina, and the line
separating North Carolina and South Carolina, at a stipulated price,
and that in pursuance of said contract the government had delivered
to the defendant, and the defendant had in its possession under said
contract, certain mail equipment of the value of $135.85, which was
being transported by the defendant in its mail car on April 18, 1904,
and that under said contract on said date defendant had in its pos-
session as bailee of the government a certain railway post office car,
and certain registered, ordinary, and foreign mail matter described, the
mail matter being of the total value of $9,151.54; that on said April
18, 1904, by reason of the negligence of the defendant in leaving a
portion of a freight train on its main track at Lucama, N. C., on de-
fendant's railroad, on said mail route, at the time when the defendant's

train carrying the mail car was scheduled to pass said point, defendant's train carrying said mail car and mail equipment and mail matter was wrecked, and said car, equipment, and mail matter burned; and that thereafter the defendant negligently failed to guard, care for, and protect the débris of the mail car and mail matter, and rifled, and permitted other persons, including its own agents and employés, to rifle, pillage, search for and carry away, certain indestructible stones, diamonds, part of said mail matter known by defendants to be in said débris, the same having been placed in the mails in Paris, France, addressed and consigned to persons at Havana, Cuba. The defendant filed its answer, admitting the contract to carry the mail as alleged, but denying its negligence in the respects charged and its liability under the law to the government, either for the mail equipment alleged to have been burned or destroyed, or for the mail matter destroyed, lost, or permitted to be carried away out of the débris of said wrecked mail car. The defendant further sets up by way of answer that, as to the first alleged cause of action, the mail equipment alleged to have been destroyed, the defendant had paid the government $500 on October 2, 1906, as a fine imposed by the Postmaster General in full payment, accord, and satisfaction therefor, and the defendant, by way of further answer as to the second and third causes of action, the allegations of the government that certain mail matter had been negligently destroyed, and not properly safeguarded and cared for among the débris of the wrecked car, set up the North Carolina three-year statute of limitations in bar of the government's right to recover.

Certain issues were submitted to the jury, upon which the jury returned a verdict finding that the collision of the defendant's trains was not caused by the negligence of the employés in charge of the train carrying the mail car, but was caused by the negligence of the servants and employés of the defendant in charge of the freight train, and that the government's mail equipment, of the value of $135.85, was destroyed by reason of said collision, and that the mail pouch containing certain mail matter, diamonds, of the value of $6,208.27, was destroyed by reason of the collision of said trains, and that a certain article of registered mail of domestic origin, of the value of $2.50, consigned to Smoaks, S. C., was also destroyed by reason of said collision.

The court, under stipulation of counsel, found the following facts, namely: That the defendant's agents, servants, and employés did not fail to exercise due care in saving said diamonds after they had notice that they were in said mail car at the time of the collision and destruction thereof; that the collision of defendant's train No. 35 with No. 8, on April 18, 1904, was not caused by the negligence of the defendant corporation. The court further found, under stipulation of counsel, that the defendant and its employés did not have notice of the fact that the said diamonds were in the said mail car prior to the collision. And the court further found the following facts, to wit: That the diamonds in said mail car were placed in the post office in violation of the laws and postal regulations of the republic of France and of the laws and postal regulations of the United States, and in violation of the terms and provisions of the postal convention concluded between

the United States and the republic of France, and in force April 8, 1904, and that the owners and senders of said diamonds had theretofore been paid therefor by the insurance company insuring safe transmission and delivery thereof. The court, upon all the facts found by the jury and by the court, and the admissions in the pleadings, adjudged that the government was not entitled to recover of the defendant either for the loss of the mail equipment, or loss of the mail matter, either of foreign or domestic origin, occasioned by reason of the collision of said trains, or by reason of any failure of the defendant to exercise proper care in safeguarding the débris of the burned car and preventing the rifling, searching for, and carrying away of diamonds found therein, and judgment was entered accordingly, to which plaintiff excepted, and the case comes here on writ of error.

Many questions of far-reaching importance were passed upon by the court below in the trial of this case. It is earnestly insisted by counsel for the government that the court below tried this case upon an erroneous theory as respects the relative rights of the parties to this controversy. The learned judge who heard this case filed a very able opinion, dealing at length with the various questions that were presented, as to most of which we are in hearty accord. (D. C.) 206 Fed. 190.

[1] We do not think the position tenable that the railroad was not liable for the acts of negligence of its agents because it was performing a public function. Having the mail in its possession, like other bailees, it was liable according to its contracts for any loss due to its corporate negligence, or the negligence of any of its servants. This was an incident to the relations of bailor and bailee.

[2] It is well settled that the United States has a property right in the mails. Searight v. Stokes, 3 How. 151, 11 L. Ed. 537; In re Debs, 158 U. S. 564, 15 Sup. Ct. 900, 39 L. Ed. 1092. This being so, it may recover from any person to whom it intrusted its mails damages for their loss or delay due to the bailee's negligence. The direct damages for loss of mail would be the labor and time necessary in the effort to recover the various parcels and the disarrangement of the post office business. The government could also recover the value of the mail lost for the benefit of the owners of the mail, *provided the contract did not negative the idea of the liability extending that far.*

It does not matter what we call the relation between the government and the railroad, the essential thing is that the railroad company assumed the obligation to use due care to have a safe track for the mail car to run on, and when it was negligent in that respect it became responsible for any damage to the government due either to its own negligence or that of its servants. The distinction urged between the negligence of the company itself and its servants on an issue of this sort is artificial and unsupported by any substantial reason. It may be true that, as between the owner of the mail matter seeking to fix the liability on the railroad for his lost property and the railroad itself, the railroad is a public agency, but as between the government and the railroad contracting to carry its mail, the railroad company is liable as a party to a private contract.

[3] The damages recoverable for negligence at the suit of the government could not extend, however, beyond the contractual obligation of the railroad company, and that obligation was to exercise due care in carrying that which was legitimate mail matter. It did not assume the obligation to carry with due care as mail matter property which was not mailable. Under regulations of the postal convention it appears clearly that diamonds were not mailable, and therefore the obligation could not be forced upon the railroad company to take care of them; and there is not any evidence that the railroad company knew they had been placed in the mail. Therefore the government could not recover the value of the diamonds even if the government itself had been the owner.

[4, 5] The main difficulty is as to the measure of liability, for the railroad's negligent loss of mail, that is, whether it extends to the value of the property lost. The government is not responsible to the owner of mail lost in transportation. The postal regulations of the government under which its mail is carried, and which the railroad assumes as part of its contract, set out numerous duties and obligations imposed on railroads. There is a very strong presumption that if the intention had been to impose upon railroad companies the very onerous obligation of being responsible for the value of all mail lost through its negligence, this obligation of such vast consequence to both parties would have been clearly and directly expressed in the regulations. The absence of such expression creates a strong implication that it was not the intention to impose such liability. The implication against liability in such case is strongly indicated in German, etc., Co. v. Home, etc., Co., 226 U. S. 220, 33 Sup. Ct. 32, 57 L. Ed. 195, 42 L. R. A. (N. S.) 1000; Atchison, T. & S. F. Ry. v. United States, 225 U. S. 640, 32 Sup. Ct. 702, 56 L. Ed. 1236. This view is further supported by the fact that where the government intends to impose such liability it is usually expressed in the written undertaking exacted from the party who undertook to carry the mail. National Surety Co. v. U. S., 129 Fed. 70, 63 C. C. A. 512; United States v. American Surety Co. (C. C.) 155 Fed. 941; United States v. American Surety Co. (C. C.) 161 Fed. 149; Id., 163 Fed. 228, 89 C. C. A. 658. Section 1489 of the regulations relating to the duties of railroads with respect to carrying the mail, to which the company agreed as a part of its contract, provides that fines may be imposed, at the discretion of the Postmaster General—

"for each of the following delinquencies, unless satisfactory excuse be made in due time * * * (b). Suffering the mail, or any part of it, to become wet, lost, injured, or destroyed, or conveying or keeping it in a place or manner that exposes it to depredation, loss or injury."

So that there is not only an absence of any expression imposing the obligation to be responsible for the value of mail, but there is an affirmative expression of a different consequence of allowing the mail to be lost.

There is a legal and natural presumption that the contract is intended only for the benefit of those who make it, and not for that of others not parties to the contract. German, etc., Co. v. Home, etc., Co., su-

pra. The fact that a breach of the contract by the negligence of the company would entail little money loss on the government, because it was not liable to the owners of mail, and the possibility of immense loss to such owner from the loss of a mail car, must have been in the view of the Post Office Department, as well as of the railroad company. And if there had been an intention to impose upon the railroad company an obligation which did not devolve upon the Post Office Department, surely it would have been stated in the regulations. This is convincing that both parties contemplated that the government would rely for redress on the amount to be exacted at the discretion of the Postmaster General, and intended that as an exclusive remedy.

It is also insisted that the court below erred in holding that the suit is barred by the statute of limitations. In our view of this case, we do not deem it essential to pass upon this question, feeling as we do that a determination of the same is not at all necessary in order to reach a correct conclusion as to the questions presented.

For the reasons stated, we are of opinion that the judgment of the lower court should be affirmed.

Affirmed.