### UNITED STATES v. UNITED FRUIT CO.

(District Court, D. Massachusetts. August 3, 1923.)

No. 2046.

1. **Post office ⊚⊐22—Company carrying mail not common carrier, but public agent.**

   Steamboat company carrying mail under contract with government is not liable as common carrier, but is deemed public agent of the United States.

2. **Post office ⊚⊐21(1)—Contractor, if liable at all, held liable only for negligence.**

   Mail carrying contract has characteristics of contract of bailment as between contractor and government, and contractor, if liable for loss of mail, would be liable as bailee for hire for damages resulting from loss or delays due to its negligence, and declaration not alleging negligence was bad.

3. **Post office ⊚⊐21(1)—Imposition of fines under statute is exclusive remedy for loss of mail.**

   Under Rev. St. § 3962 (Comp. St. § 7450), authorizing Post Master General to make deductions from pay of contractors for failure to perform service according to contract and to impose fines upon them for other delinquencies, exclusive remedy for loss of registered mail is by imposition of fine, and government cannot sue the contractor for breach of contract.

At Law. Action by the United States against the United Fruit Company. On demurrer to the declaration. Demurrer sustained.

The United States Attorney.

Storey, Thorndike, Palmer & Dodge and John M. Raymond, all of Boston, Mass., for defendant.

BREWSTER, District Judge. This is an action of contract brought by the United States against the United Fruit Company for damages resulting from its failure to deliver seven registered letters, each containing 1,000 one dollar bills, lawful money of the United States.

The plaintiff alleges that on or about November 13, 1920, the defendant received these registered letters with other mail matter for

---

⊚⊐For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

·dispatch from New York to Havana by steamship Pastores, owned and operated by the defendant; that the letters each contained $1,000 in bills and were properly addressed to the National City Bank of New York at Havana, and locked in a sealed bag of the government post office; that the defendant agreed to deliver the said container and registered letters to the Cuban postal administration at Havana for dispatch to the National City Bank of New York in Havana; and that the plaintiff agreed to pay the defendant the legal consideration therefor.

That the Pastores arrived at Havana on or about November 17th; that before the bags containing the registered letters had been delivered to the Cuban postal administration, the bags had been rifled, and five of the letters with contents were missing, and from one of the registered letters $600 had been taken, and from another $700, making a total amount abstracted of $6,300; that the plaintiff demanded of the defendant delivery of the seven registered letters with their contents, but the defendant neglected and refused, and still neglects and refuses, to deliver the same; and that the defendant owes the plaintiff the said sum of $6,300 with interest.

To this declaration the defendant demurs and rests its demurrer on several grounds, two only of which will be considered, namely:

(1) That the declaration does not allege negligence on the part of the defendant.

(2) That the plaintiff is precluded from recovering for the letters and their contents, as it has another remedy which is exclusive.

[1, 2] In the first place, it should be noted that the plaintiff is not suing in tort for damages resulting from the negligence of the defendant, but is suing in contract, and if it recovers at all, it will be only because it is able to show some contract, express or implied, between the plaintiff and the defendant and that the defendant failed in the performance of this contract. In its declaration the plaintiff expressly avers the receipt of the mail by the defendant and the agreement on its part to deliver the same to the Cuban postal administration. It is well settled that the railroad is not liable as a common carrier, but is deemed to be a public agent of the United States in carrying mail. Bankers' Mutual Casualty Co. v. Minneapolis, St. P. & S. S. M. Ry. Co., 117 Fed. 434, 54 C. C. A. 608, 65 L. R. A. 397; U. S. v. Atlantic Coast Line Railroad Co. (D. C.) 206 Fed. 190. But it does not follow that one thus carrying mail may not be liable to the United States on its contract as such agent.

In U. S. v. Atlantic Coast Line Railroad Co., 215 Fed. 56, 131 C. C. A. 364, L. R. A. 1915A, 374, is found this language:

"It may be true that, as between the owner of the mail matter seeking to fix the liability on the railroad for his lost property and the railroad itself, the railroad is a public agency, but as between the government and the railroad contracting to carry its mail, the railroad company is liable as a party to a private contract."

This contract has the characteristics of a bailment contract, and the carrier would be liable as bailee for hire for any damages resulting from the loss or delays due to its negligence. The burden of show-

ing this negligence would be on the plaintiff. Willett v. Rich, 142 Mass. 356, 7 N. E. 776, 56 Am. Rep. 684. It would be necessary, therefore, for the plaintiff in order to recover not only to show that the defendant entered into the contract as alleged, but that it was negligent in the performance of that contract and, as the result of its negligence, the plaintiff suffered damages. The declaration, therefore, is defective in not alleging that the money was lost through the negligence of the defendant or its agents or servants.

[3] Referring again to U. S. v. Atlantic Coast Line Railroad Co., we find that the court in that case regarded it as well settled that the United States has a property right in the mails and could recover damages for their loss or delay due to the negligence of the railroad and would also recover the value of the mail lost for the benefit of the owner "provided the contract did not negative the idea of the liability extending that far," and then the court proceeds to hold that the contract did negative the idea of the liability extending that far because it was made in contemplation of the postal regulations providing for the imposition of fines for delinquencies such as permitting mail to become lost, injured, or destroyed.

Revised Statutes, § 3962 (Comp. St. § 7450), provides as follows:

"The Postmaster General may make deductions from the pay of contractors, for failures to perform service according to contract, and impose fines upon them for other delinquencies. He may deduct the price of the trip in all cases where the trip is not performed; and not exceeding three times the price if the failure be occasioned by the fault of the contractor or carrier."

Pursuant to this statute the postal authorities have established regulations which impose fines for failures to perform service according to contract and for other delinquencies.

The only other case brought to my attention is that of Union Pacific Railroad Co. v. U. S., 219 Fed. 427, 134 C. C. A. 325, where the Circuit Court of Appeals for the Eighth Circuit held the railroad was not liable to answer in an action brought by the United States to recover the full value of registered mail destroyed. In both United States v. Atlantic Coast Line Railroad Co. and Union Pacific Railroad Co. v. United States the postal authorities had either imposed a fine or had made deductions from pay for failure to perform services according to the contract.

In the pending case it does not appear whether the government through its postal department has ever imposed any penalties or made any deduction. For the purposes of this case it will be assumed that it has not done so, thus leaving for consideration the question whether the government, in case of default on the part of the carrier, has the right to elect between two remedies; either to resort to an action at law, or proceed under the statutes and regulations above referred to. The defendant contends that the remedies provided by statute are the only ones open to the government.

I have given careful consideration to the opinions of the Circuit Courts in the two cases above cited, and they leave little doubt in my mind that the remedies given in the act of Congress above referred to are exclusive. In Union Pacific Railroad Co. v. United States the

court states that they are of the opinion that "taking into consideration the facts as they appear in the record, the matters in difference between the United States and the railroad company arising out of the wreck in question have been settled, and settled in the way provided by law. This view of the case ought not to be objected to by the United States, as it leaves with them a *full* and *complete* remedy at all times by the imposition  of such penalties and deductions against mail contractors, as will fully reimburse the government for whatever loss it may have sustained," and finally the court states it to be their conclusion "that the remedy of the United States for the loss of mail through the default of contractors is through the imposition of fines and the making of deductions, as provided for in said section."

To bring my decision in the instant case in harmony with the decision of the Circuit Court of Appeals in the Fourth and Eighth Circuits, it seems necessary to hold that the only remedy of the United States in case of default of contractors resulting in loss of mail is through the imposition of fines and the making of deductions.  This I am prepared to do, especially as I am in accord with the conclusions reached in these cases and the reasoning upon which they were based.

It follows, therefore, that on the facts alleged in the declaration the plaintiff is not entitled to recover in an action at law, and the demurrer should be sustained on that ground.