## UNITED STATES v. HAAR et al.

Circuit Court of Appeals, Fifth Circuit.
June 29, 1928.

### No. 5188.

1. **Internal revenue ⬥25—When taxpayer, making false return or no return, was transferring property, tax could be assessed without return, on information from revenue agent (Revenue Act 1921, § 250[d]; Comp. St. § 6336⅛tt[d]; 26 USCA §§ 97, 98).**

Under Revenue Act 1921, § 250(d), Comp. St. § 6336⅛tt(d), relative to assessment of income tax in case of fraudulent return or failure to file return, where person doing large illegal liquor business made false return for one year, and no returns for subsequent years, and was transferring his property, Commissioner of Internal Revenue could make emergency assessment without return, under Rev. St. § 3176, as amended by Revenue Act 1918, § 1317 (26 USCA §§ 97, 98, Comp. St. § 5899), and later acts, on information from internal revenue agent.

2. **Internal revenue ⬥26, 28(2)—United States may maintain suit to establish debt for taxes and impress lien on land (26 USCA § 136).**

Under express provisions of Rev. St. § 3207 (26 USCA § 136; Comp. St. § 5929), and also independent thereof, United States may maintain suit in equity to establish debt for income taxes and impress taxpayer's real estate with a lien.

Appeal from the District Court of the United States for the Southern District of Georgia; William H. Barrett, Judge.

Suit by the United States against Wm. H. Haar and others. From a decree in favor of defendants [19 F.(2d) 399], the United States appeals. Reversed and remanded.

Chas. L. Redding, U. S. Atty., of Savannah, Ga., and White B. Miller, Sp. Asst. Atty. Gen. (Mabel Walker Willebrandt, Asst. Atty. Gen., C. M. Charest, Gen. Counsel Bureau of Internal Revenue, of Washington, D. C., and Sewall Key, Sp. Asst. Atty. Gen., on the brief), for appellant.

John J. Bouhan, A. A. Lawrence, and T. M. Cunningham, Jr., all of Savannah, Ga., and P. P. Campbell, of Washington, D. C., for appellees.

Before WALKER, BRYAN, and FOSTER, Circuit Judges.

FOSTER, Circuit Judge. On July 13, 1922, a revenue agent who had been investigating the affairs of Wm. H. Haar, who was suspected of being engaged in illegal liquor transactions, sent a telegram to the Commissioner of Internal Revenue at Washington, recommending immediate assessment of income taxes for the years 1917, 1918, 1919, 1920, and 1921, against William H. Haar, and his father, Frederick H. Haar. Acting on this telegram, the Commissioner made emergency, or jeopardy, assessments against F. H. Haar in the amount of $93,836.16 and against W. H. Haar in the sum of $1,901,500.05. As it was thought a warrant of distraint could not issue for 10 days, and it was feared the assets of the Haars would be concealed, or taken out of the country, or fraudulently transferred, on July 20, 1922, a bill in equity was filed against the Haars and against various banks in which they had deposits, claiming a lien on the assets of the Haars, and praying for a restraining order and an injunction to prevent withdrawal of the deposits. A restraining order was granted, and a rule nisi issued.

On February 16, 1926, the United States filed a supplementary bill, describing certain real estate of Wm. H. Haar alleged to be subject to the lien claimed, and praying for judgment of condemnation and sale of same, for the application of the money received from the sale, and that on deposit, in satisfaction of the taxes, and for a deficiency judgment.

[1] A hearing was had in January, 1927, and the District Court reached the conclusion, as indicated by an opinion in the record, that a return made by the taxpayer, or by the collector for him, under the provisions of section 3176, R. S., as amended by the Revenue Act of 1918, § 1317 (26 USCA §§ 97, 98; Comp. St. § 5899) and subsequent acts, was necessary as a basis for an assessment, and that, as the assessment was made entirely on

the recommendation of the special revenue agent, there was no return and the assessment was illegal and void. For these reasons the bill was dismissed. In this we think the court erred.

The Revenue Act of 1921 (Act Nov. 23, 1921) was in force when the assessment was made. Section 250, par. (d), of that act contains the following provision:

"That in the case of a false or fraudulent return with intent to evade tax, or of a failure to file a required return, the amount of tax due may be determined, assessed, and collected, and a suit or proceeding for the collection of such amount may be begun, at any time after it becomes due. * * *" Comp. St. § 6336⅛tt(d).

We are not aware of any authorities construing this section, but none are needed, as its provisions are plain. Section 250 deals generally with the payment of taxes and the making of returns, and the proviso just quoted is entirely consistent with the letter and intent of the section. It is evident that it was intended to apply to just such a case as this, and by necessary implication prevails over any inconsistent provisions of prior acts.

[2] In addition to the express authority granted by R. S. § 3207 (26 USCA § 136; Comp. St. § 5929) to file a bill to impress real estate with a tax lien, the United States has the same standing to prosecute a suit to enforce her rights as one of her citizens would have. Asserting a lien on specific property, whether real or personal, she could maintain a suit in equity to establish the debt and impress the property with the lien. Acting in good faith, on information considered reliable, the Commissioner had authority to make an emergency assessment, without the necessity of any return at all as a basis for the suit.

It is shown that W. H. Haar had been doing a large illegal liquor business, and had made a false return for 1917. He did not include in that return the profits from his liquor business, or make returns for the other years, as he thought his profits from a prohibited business were not taxable. He had made transfers of his property to his father, who, just before the agent's telegram was sent, had applied for a passport to enable him to go to Germany. After this suit was filed, he transferred real estate to his mother. After the assessment, and while this action was pending, W. H. Haar filed a petition for abatement, in which he admitted he owed some taxes, and on this the assessment was reduced to $238,105.72.

On the state of facts known to the Commissioner he was justified in making an emergency assessment, and it is immaterial how, or from whom, he received his information, if he acted in good faith. Subsequent events justified his action, though the amount of taxes due is yet to be judicially determined, as may well be done in this case.

Reversed and remanded for further proceedings not inconsistent with this opinion.