## UNITED FRUIT CO. v. UNITED STATES.

Circuit Court of Appeals, Fifth Circuit. May 17, 1929.

No. 5530.

Philip S. Gidiere, of New Orleans, La. (Spencer, Gidiere, Phelps & Dunbar, of New Orleans, La., on the brief), for appellant and cross-appellee.

Edmond E. Talbot, U. S. Atty., of New Orleans, La.

Before WALKER, BRYAN, and FOSTER, Circuit Judges.

FOSTER, Circuit Judge. The United States brought a suit at law against the United Fruit Company to recover $388.29 for loss of registered mail, shipped on the steamship Heredia, from New Orleans, and destined to Havana, the Canal Zone, and various Central and South American countries. There was a verdict for $355.79 in favor of the United States, on which judgment was entered. This was the amount the government had actually paid the claimants. The amount of $32.50 represented the loss claimed by senders, but not actually paid before suit. The United Fruit Company has appealed from the judgment, and the United States presents a cross-appeal. The parties will be hereafter referred to as plaintiff and defendant.

There was evidence tending to show the following facts: Some 430 sacks of mail were shipped on the Heredia from New Orleans. The vessel was equipped with a mail locker, with a capacity of approximately 475 sacks when properly stowed; 413 sacks were placed in the locker, and 17 were left outside and remained there until after the vessel left Havana, when they were stowed in the locker. On arrival of the mail at the Canal Zone, it was discovered that 17 sacks had been rifled, and the contents of 38 registered packages stolen, while in the custody of defendant. The stolen packages varied in value from 65 cents to $35. To prove the value of the stolen packages, the government introduced copies of the files of the Post Office Department, showing that verified claims had been made by the senders of the mail, on the forms prescribed by postal regulations, and that these claims had been investigated and approved by post office inspectors. There was no other evidence of the value of the contents of the stolen mail.

By the provisions of the Postal Regulations of 1913, in force at that time, the sender of a lost registered article was entitled to an indemnity not exceeding 50 francs, estimated to be approximately $9.65, if in the foreign mail, $50 for first-class and $25 for third-class domestic mail, for each package. There was no express contract between parties for the carriage of the mail, but it was usual and customary for the vessels of defendant to transport it at rates of compensation to be fixed by the Postmaster General.

Error is assigned by defendant to the refusal of a directed verdict and to give certain charges requested. These all run to the following contentions: That there was no liability on the United States to reimburse senders for lost registered packages, and in any event only nominal damages for breach of contract could be recovered. That the evidence was not sufficient to support a recovery. That in transporting the mail the vessel was performing a public function as an agent of the Post Office Establishment, and was not liable for stealing of the mail by her employees, if reasonable care was exercised in their selection. That in any event the exclusive remedy of the United States for loss of mail is to impose a fine under the provisions of Rev. St. § 3962 (39 USCA § 443).

It has been repeatedly held that the United States may recover from a dishonest postal employee and his surety the value of

mail embezzled, regardless of her liability to the sender as fixed by the postal regulations. In the event of recovery the money is held in trust, and it is the duty of the government to turn it over to the owner of the mail. See Opinion of Attorney General Knox, 23 Op. Attys. Gen. 476, approved by this court in American Surety Co. v. United States, 133 F. 1019; National Surety Co. v. U. S., 129 F. 70; Gibson v. U. S., 208 F. 534; U. S. v. Atlantic Coast Line Co., 215 F. 56, L. R. A. 1915A, 374; U. S. Fid. & Guar. Co. v. U. S., 246 F. 433.

■ The same principles apply in this case, and there is no doubt that the United States, having a remedy, may pursue it in any court of competent jurisdiction, the same as an individual. U. S. v. Haar et al. (C. C. A.) 27 F.(2d) 250. It is immaterial whether the amount sued for exceeds the liability of the government as fixed by the postal regulations, or whether payment has been made to the sender before recovery.

■ While the evidence as to value might not be sufficient to support an action between private parties, a somewhat different rule is to be applied in this case. In carrying the mails the vessel was not acting as a common carrier, with corresponding rights and liabilities, but was serving as an agent of the government, and was as much subject to the postal regulations as any other branch of the post office. Atchison, T. & S. F. Ry. Co. v. U. S., 225 U S. 640, 32 S. Ct. 702, 56 L. Ed. 1236. Defendant was charged with knowledge of what evidence plaintiff would require from the senders of registered mail in order to prove their claims. The United States is not obliged to recognize claims of any character against herself, and therefore in doing so may adopt such form of procedure or require such evidence of liability as she sees fit. The regulations in this respect are entirely reasonable. The penalties prescribed by law for perjury and the presentation of false claims against the government may be presumed to be sufficient to prevent false swearing in the claim affidavits for the small amounts shown. It would be absurd, and an unjust burden on the defendant, to require the United States in a suit of this kind to summon witnesses from great distances to prove on the stand the small amounts of losses shown. The evidence was admissible to show a prima facie case. No attempt was made to rebut it, which right was, of course, preserved to the defendant. [6] In support of the contentions that defendant was performing a public function as an agent of the Post Office Department in

transporting the mail, and was not liable for the dishonesty of its employees, reliance is had on the case of Bankers' Mutual Casualty Co. v. Minn., St. P. & S. S. M. Ry. Co. (C. C. A.) 117 F. 434, 65 L. R. A. 397. That case is easily distinguishable. There the suit was brought by an indemnity company to recover the amount it had paid the sender of lost mail. Whatever may be the rule with regard to a suit brought by the sender of mail against the transportation company, the decision has no application to a suit brought by the United States against its agent. Union Pacific R. Co. v. U S. (C. C. A.) 219 F. 427; U. S. v. Atlantic Coast Line R. Co. (C. C. A.) 215 F. 56, L. R. A. 1915A, 374.

It has been suggested in argument that in this case the Postmaster General was without authority to impose a fine, under the provisions of Rev. St. § 3962 (39 USCA § 443), as that section is applicable only to inland transportation of the mail, and ocean transportation is governed as to fines by Rev. St. § 4010 (39 USCA § 655), which would not warrant a fine in this case. In addition to Rev. St. §§ 3962 and 4010, we may take notice of section 5 of the Act of March 3, 1891 (39 USCA § 661), which also provides for the fining of ocean carriers of the mail in certain contingencies. But, as no fine has been imposed, we pass this question as unnecessary to decide.

■ In support of the contention that the exclusive remedy of the United States was to impose a fine, defendant cites the cases of Union Pacific R. Co. v. U. S. and U. S. v. Atlantic Coast Line R. Co., supra, and also U. S. v. United Fruit Co. (D. C.) 292 F. 308. In the first two cases cited there were express contracts for the carriage of inland mail, and fines had been imposed exceeding the loss to the United States. In the first of said cases it was held that the government was estopped to sue by the imposition of the fine. In the second of said cases it was recognized that, in the absence of an express contract negativing the idea of liability extending that far, a suit would lie to recover the full value of the lost mail, but it was held that by the provisions of the contract in that case the remedy by fine was exclusive. In the last-cited case the decision was on demurrer to the declaration, and while it was held that the remedy by fine was exclusive, it was also held that the declaration disclosed no cause of action for failure to allege negligence. That is not the case here.

We think the just cited cases are easily

distinguishable from the case at bar. Conceding arguendo that the Postmaster General may impose a fine for the loss of mail carried by virtue of an implied contract, we have no hesitancy in holding that the remedy by fine is not exclusive, and the United States has also a right of action to sue to recover the value of lost mail, and may elect which remedy to pursue.

It follows that the judgment must be affirmed on the direct appeal and reversed on the cross-appeal.

Reversed and remanded.