## BOERNER v. UNITED STATES.
### No. 7580.

District Court, E. D. New York.
Nov. 30, 1939.

636

C. Joseph Danahy, of Brooklyn, N.Y., for petitioner.

Harold M. Kennedy, U. S. Atty., and Vine H. Smith and J. Wolfe Chassen, Asst. U. S. Attys., all of Brooklyn, N. Y., for respondent.

MOSCOWITZ, District Judge.

The petitioner, a former chauffeur-carrier in the United States Post Office in Long Island City, New York, seeks to recover, pursuant to 5 U.S.C. § 724, 5 U.S.C.A. § 724, the sum of $720.35 representing the amount of deductions from his salary by the Civil Service Commission for pension purposes. The answer of the United States sets up a counterclaim in the amount of $722.35 for losses on C.O.D. and insured articles undelivered to persons on the petitioner's route.

The government, in addition, sets up certain defenses to the effect that the petition will not lie under 5 U.S.C. § 724, 5 U.S.C.A. § 724, and that this court is without jurisdiction because the petitioner has allegedly failed to exhaust the remedies and the procedure provided for by the regulations of the United States Civil Service Commission. Having been an employee who became absolutely separated from the service before becoming eligible for retirement on annuity, it is clear that petitioner's claim is allowable under Section 724. Moreover, since the government has never seriously contended that petitioner was not entitled to recover his pension contributions, but has confined its opposition to the issue of the counterclaim, there is little substance to its present argument that the petitioner should first have pressed his contentions before the Civil Service Commission. The issue which this court is called upon to adjudicate, namely, the right of the government to counterclaim for the losses it sustained because of the conduct of the petitioner, is not within the aegis of the Civil Service Commission. Thus it was not necessary for the petitioner to exhaust remedies before that body which were beyond its power to provide.

The main issue raised by this case is whether the government submitted evidence sufficient to establish that the packages in question came into the possession of the petitioner and that, by reason of the petitioner's conduct, the government sustained losses for which he was chargeable. At the trial the evidence established that losses of packages on the petitioner's route were vastly disproportionate to losses on other routes, that the petitioner violated, and even admitted violation of, numerous postal regulations which as a carrier he was under a duty to obey. It further developed that the authorities made investigations to ascertain the point of leakage of packages and finally concluded that it took place on petitioner's route. To confirm their conclusions, a test package was placed in petitioner's bag addressed to a fictitious person on petitioner's route. The package was neither delivered nor returned. In fact his misconduct was such that criminal proceedings were taken against him with a resulting conviction.

To establish its loss of $722.35, the government offered in evidence 66 proofs

of claim made by addressees in the form prescribed by the postal regulations. These proofs of claim contained a statement by the postmaster that the package had been mailed, an affidavit of mailing and value by the sender, and a statement by the addressee that the package was not received. It was also established that based upon these proofs of claim, the government paid the sum of $722.35.

From the evidence submitted, it is reasonably to be inferred, in absence of proof to the contrary, that the lost packages came into the possession of the petitioner. It was adequately established that the 66 packages were mailed. Once mailed, a presumption arises that a letter or package reaches its destination on the theory that all governmental employees will perform their duties. In this instance, however, because of the irregularities shown to exist on petitioner's route, the petitioner cannot avail himself of such a presumption. So far as he is concerned, the presumption fails to carry through his route and only carries up to it. Accordingly, when petitioner fails to offer any evidence in rebuttal, it is reasonably to be inferred that he received the package. Thus the government has proved that the packages came into the petitioner's possession and that it has paid losses of $722.35 on these packages.

It remains, however, to consider the petitioner's objection to the admission of the 66 proofs of claim upon the theory that insofar as they are intended as proof of non-delivery of the packages to their respective addressees, they are hearsay declarations. This, however, assumes the proposition that in order to recover from the petitioner, it was necessary for the government to prove non-delivery to the addressees. Here the task of the government is limited to proof of payment of losses after making such investigation and taking such proofs as would be reasonably designed to weed out any fraudulent claims on the part of addressees. The petitioner was unquestionably guilty of serious misconduct on his route and in connection therewith the government paid certain losses. To charge the petitioner with these losses, it was sufficient that the government follow a reasonable course of investigation before payment. To require absolute proof of loss in the form of "legal" testimony would be an unreasonable procedure in the case of such small losses. Hence, if such reasonable investigation was made before payment, the petitioner becomes chargeable with the loss.

In this case the 66 proofs of claim are introduced merely to show that the government took such proofs as were required by the postal rules and regulations which are reasonably designed to prevent fraudulent claims. When used for this purpose, the proofs of claim are in no way hearsay declarations for they are used not to prove what an extra-judicial declarant may have said, but to show that a certain course of conduct was followed by the government. As such they are admissible as governmental entries in the regular course of business and it becomes unnecessary to determine whether they would have been admissible had they been introduced for purposes of proving their allegedly hearsay contents in the form of affidavits of addressees and senders. Cf. United Fruit Company v. United States, 5 Cir., 33 F.2d 664. The counterclaim has therefore been proved.

Judgment for respondent.

Settle findings and judgment on notice.